**Rosser, Jr. v. Cherry**

*Lawrence Solomon,* for plaintiff.
*Francis X. O'Brien,* for defendant.

BRADLEY, *J.,* January 30, 1975—This matter is before the court for disposition of plaintiff's motion to reinstate default judgment and plaintiff's preliminary objections to defendant's answer and new matter.

The docket contains the following entries which are pertinent to disposition of these motions:

\*     \*     \*     \*     \*

| | |
|---|---|
| Aug.  2,  74 | Complaint with notice to plead within twenty (20) days from service hereof filed |
| Sep. 20,  74 | Praecipe for entry of judgment filed, Eo die *9:10 a.m.* Judgment is entered in favor of Plaintiff against Defendant for want of an appearance. |
| Oct.  2,  74 | Frank X. O'Brien, atty for deft. |
| Oct. 21,  74 | By order of the Attorney for the Plaintiffs, the judgment by default entered by Plaintiffs against Defendants on Sept. 20, 1974 withdrawn, |
| Eo die | filed |
| Nov.  4,  74 | Affidavit of service of complaint to deft. by mailing copies of complaint to 1711 Judson St. on 8-5-74 |
| Nov. 22,  74 | Defts answer to Pltfs complaint with new matter and notice to plead filed |
| Nov. 25,  74 | Pltfs Petition to Reinstate judgment filed. |

## I. MOTION TO REINSTATE JUDGMENT

Plaintiff asserts in support of the motion to reinstate default judgment that judgment was en-

tered properly on September 20, 1974, and that it was withdrawn only at the insistence of the prothonotary, who allegedly maintained that entry of judgment was erroneously entered for failure to comply with Pa. R.C.P. 2082. Defendant maintains that entry of judgment was erroneous since there was no proof of service of the complaint at the time judgment was entered. We think Rule 2082 is irrelevant here, but also agree with the argument of defendant.

Pa. R.C.P. 1047, dealing with default judgments in trespass cases, contains no express provision that proof of service is a prerequisite for entry of default judgment. Likewise, Pa. R.C.P. 1027, applicable here by virtue of Pa. R.C.P. 1041, is also silent concerning the need for proof of service of pleadings. The established practice, however, is to require proof of service. See 3 Standard Pa. Pract. §98, 222. Although no Pennsylvania cases dealing with this precise question have been pointed out to the court, nor has our research disclosed any, one respected commentator has expressed the view that:

"It is clear that no prothonotary would enter a default judgment against the defendant for want of an answer, in the absence of a sworn proof of service of a properly endorsed complaint.": 1 Goodrich-Amram §1027-1, 165 (footnote omitted).

We think it is an elementary procedural safeguard to require that the party seeking entry of a judgment which deprives his opponent of his "day in court" (cf. Kraynick v. Hertz, 443 Pa. 105 (1971)), should first shoulder the simple burden of submitting proof that he has given notice to his opponent that the opponent has come under a duty

to appear in the case or suffer judgment by default. While we reject the contention of defendant that the 20-day period in which to plead is tolled by plaintiff's failure to file proof of service, we do accept his argument that he was protected against entry of judgment by default in the absence of such record proof.

Therefore, whatever merits there are to plaintiff's assertion as to the reasons for which the default judgment was withdrawn, it is clear that the record fails to support the initial entry of judgment and it was, therefore, properly negated.

That being so, the posture of the case became as if default judgment had never been entered: Rufo v. Bastian-Blessing Co., 420 Pa. 416 (1966). Submission of the necessary affidavit on November 4, 1974, did not pave the way for re-entry of judgment, since by that time an appearance had been entered on behalf of defendant. Rule 1047 does not authorize default judgment to be entered where an appearance has been filed as of the time judgment is sought.

## II. PRELIMINARY OBJECTIONS

Plaintiff objects to defendant's answer and new matter on the grounds that they were not filed within the 20-day time period required by Pa. R.C.P. 1026. It is the position of defendant that the answer was timely filed, the reason being that the time period of Rule 1026 did not commence until November 4, 1974, when plaintiff filed an affidavit of service of the complaint.

We reject defendant's argument that record proof of service was a prerequisite to his duty to answer. Rule 1026 plainly states that "[e]very pleading subsequent to the complaint shall be filed

within twenty (20) days after *service* of the preceding pleading." (Emphasis supplied.) If the Supreme Court had intended the time period to run from "the filing of an affidavit of service," it doubtless would have said so. It is perfectly consistent with this language to say, as we did, supra, Part I, that record proof of service may be a prerequisite to the imposition of certain sanctions for noncompliance with Rule 1026. All that is entailed is a recognition that Rule 1026 is not self-executing as to sanctions for non-compliance.

In the case of late pleadings, Rule 1026 has been interpreted as being nonmandatory. As the Supreme Court stated in Paulish v. Bakaitis, 442 Pa. 434, 441 (1971):

"Pa. R.C.P. Number 1026 provides that a pleading shall be filed within 20 days after service of a preceding pleading. This rule is not mandatory but permissive. We have held that late pleadings may be filed 'if the opposite party is not prejudiced and justice requires. *Much must be left to the discretion of the lower court.*" (Emphasis in original.)

See also 2A Anderson Pa. Civ. Prac. §1026.10d (1969 Ed.). In this case, we believe that there is no prejudice other than slight additional delay. Plaintiff bears much responsibility for the previous delay in resolving this dispute and is in no position to complain on that score. We believe that the interests of justice are better served by permitting this case to proceed toward resolution on the merits.

Therefore, in light of the above, we enter the following

## ORDER

And now, January 30, 1975, upon consideration of the within motions and memoranda of counsel it is hereby ordered and decreed:

1. That plaintiff's motion to reinstate default judgment is denied.

2. That plaintiff's preliminary objections to defendant's answer and new matter are overruled. Plaintiff has 20 days from the date of this order to reply to the new matter.