David KELLER, Appellee

v.

Michael R. MEY, a/k/a Michael R. Mey, Esquire, et al., and Mey & Sulla, L.L.P., et al., Appellants.

Superior Court of Pennsylvania.

Submitted March 4, 2013.

Filed April 10, 2013.

Brian C. Corcoran, Kingston, for appellants.

Richard C. Frank, Jim Thorpe, for appellee.

BEFORE: DONOHUE, ALLEN and OTT, JJ.

OPINION BY DONOHUE, J.:

Michael R. Mey, et al. and Mey & Sulla, et al. ("Appellants") appeal from the orders denying their motion to strike and petition to open, both of which were filed in response to the entry of default judgment against Appellants and in favor of David Keller ("Keller"). For the following reasons, we affirm.

We are presented with extraordinarily convoluted factual and procedural histories, the complexity of which is compounded by the fact that the certified record on appeal has been compiled in what seems to be no particular sequence, is missing pertinent transcripts and other documents, and contains documents filed in a case that does not involve the parties to this appeal.[1] Nonetheless, from our review of the record we have ascertained that Keller, acting *pro*

---

1. This Court could dismiss this appeal or find waiver of Appellants' issues based upon the incomplete and otherwise confusing state of the certified record on appeal. *See* Pa.R.A.P. 1911(d); *Cade v. McDanel,* 451 Pa.Super. 368, 679 A.2d 1266, 1268–69 (1996) ("[A] failure by ... appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes a waiver of the issue[s] sought to be examined."). However, we have spent significant time and effort deciphering the sequence of events in this matter, and as a result, we will not dismiss in this instance.

*se*,[2] filed a complaint against Appellants on September 3, 2010.[3] Appellants did not file a responsive pleading. On October 27, 2010, Keller filed a praecipe for the entry of default judgment and the Prothonotary entered judgment in his favor on that date. On November 9, 2010, Appellants presented a motion to strike the default judgment to the trial court, which resulted in the issuance of a rule to show cause why the default judgment should not be stricken and setting November 17, 2010 as the date for a hearing on Appellants' motion to strike.[4]

The scheduled November 17th hearing on Appellants' motion to strike did not occur until November 22, 2010. There is only a partial transcript of that proceeding in the record which contains only the statements by the parties at the beginning of the hearing. On the same day, the trial court issued another rule to show cause why the motion to strike should not be granted, and set a hearing on the matter for December 16, 2010. The following day, November 23, 2010, Appellants filed a petition to open the default judgment. Court convened on December 16, 2010, but despite the order setting this date for an evidentiary hearing on the motion to strike, the parties presented no evidence and the trial court only heard argument. On December 22, 2010, the trial court entered an order denying only Appellants' petition to open.

In 2011, the case was scheduled for a trial limited to damages. In their pre-trial statement, Appellants raised the fact that there had been no ruling on their motion to strike. Defendants' Pre–Trial Statement, 9/21/11, at 1. On October 5, 2011, the trial court scheduled a settlement conference for November 28, 2011. On November 1, 2011, it entered an order denying Appellants' motion to strike. On November 17, 2011, Appellants filed a notice of appeal from the November 1, 2011 order.

Before we address the issues presented on appeal, we must first decide Appellants' motion to amend their notice of appeal to include the December 22, 2010 order of court denying their petition to open. As a result of the interplay of the Rules of Appellate Procedure and existing case law, the relief requested by Appellants is superfluous.

■ Although orders of court denying motions to strike or petitions to open default judgments are interlocutory, Pennsylvania Rule of Appellate Procedure 311 provides that "[a]n appeal may be taken as of right … from [ ] [a]n order refusing to open, vacate or strike off a judgment. If orders opening, vacating or striking off a judgment are sought in the alternative, no appeal may be filed until the court has disposed of each claim for relief." Pa. R.A.P. 311(a)(1). As such, Appellants could not have appealed from the trial court's denial of their petition to open until the trial court ruled on their motion to strike. Furthermore, the notice of appeal filed with regard to the denial of Appellants' motion to strike encompassed the

---

**2.** While Keller represented himself in the court below, he is represented by counsel in the proceedings before this Court.

**3.** Keller's complaint set forth eleven claims, including wrongful use of civil proceedings, abuse of process, intentional interference with property rights, wrongful eviction, and fraud. Complaint, 9/3/10, at 20–99. All counts arise out of Appellants' representation of a client,

Mr. George Stofko, in lawsuits in which Keller and Mr. Stofko are adversaries.

**4.** It further appears that while this action was pending, the parties were engaged in litigation with each other in another case in Luzerne County and a case in Lackawanna County, one or both of which were active during the events at issue here.

trial court's prior order denying the petition to open the default judgment. *See K.H. v. J.R.*, 573 Pa. 481, 493, 826 A.2d 863, 871 (2003) ("[A] notice of appeal from the entry of judgment will be viewed as drawing into question any prior non-final orders...."). Accordingly, we deny Appellants' motion as moot and turn to the issues presented on appeal.[5]

First, Appellants contend that the trial court erred in failing to strike the default judgment entered against them because Keller failed to file a copy of the notice to enter default judgment prior to filing the praecipe for default judgment. We consider this issue with the following standard in mind:

'With regard to a motion to strike a default judgment, [a] court may only look at the facts of record at the time judgment was entered to decide if the record supports the judgment. A petition to strike does not involve the discretion of the court. A petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. Matters outside of the record will not be considered, and if the record is self-sustaining, the judgment will not be stricken.'
*Aquilino v. Phila. Catholic Archdiocese*, 884 A.2d 1269, 1280 (Pa.Super.2005). 'A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record.' *U.S. Bank, N.A. v. Mallory*, 982 A.2d 986, 991 (Pa.Super.2009) (quoting *Cintas Corp. v. Lee's Cleaning Servs.*, 549 Pa. 84, 89–90, 700 A.2d 915, 917 (1997)). 'Where a fatal defect or irregularity is apparent from the face of the record, the prothonotary will be held to have lacked the authority to enter [a] default judgment and the default judgment will be considered void.' *Id.*

*Wells Fargo Bank, N.A. v. Lupori,* 8 A.3d 919, 920–21 (Pa.Super.2010).

Pennsylvania Rule of Civil Procedure 1037(b) provides, in pertinent part, that "[t]he prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant for failure to file within the required time a pleading to a complaint which contains a notice to defend[.]". Pa. R.C.P. 1037(b). Before a prothonotary may enter judgment in accordance with Pa.R.C.P. 1037(b), the plaintiff must provide notice of the intent to seek a default judgment in accordance with Pa.R.C.P. 237.1:

No judgment of ... default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered ... after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any.

\* \* \*

(3) A copy of the notice shall be attached to the praecipe.

---

5. We further note that generally, an order is not final for purposes of appeal unless it disposes of all the claims of all the parties, Pa.R.A.P. 341, and all of Keller's claims remain pending since no determination has been made on the award of damages. Pa. R.A.P. 311(a)(1) has been interpreted to create an exception to this rule where an appeal is taken from the denial of a petition seeking relief from a judgment by default. *See Mother's Rest. Inc. v. Krystkiewicz*, 861 A.2d 327, 335–36 (Pa.Super.2004) (en banc) (holding that orders denying petition to strike and/or open a default judgment are appealable as of right prior to the assessment of damages). Thus, we have jurisdiction to entertain this appeal despite the fact that the question of damages remains outstanding.

(4) The notice and certification required by this rule may not be waived.

Pa.R.C.P. 237.1(2)(ii), (3), (4).

In the present case, the record reflects that Keller filed his praecipe for default judgment on October 27, 2010 and attached thereto a certification that he sent written notice of his intention to file a praecipe for default judgment, as well as copies of the notices that he sent to Appellants. The 10–day notices that are attached to the praecipe are dated October 7, 2010—more than 10 days prior to the date Keller filed his praecipe for default judgment.

Appellants argue that because a copy of the 10–day notice was filed with the praecipe for a default judgment *and not filed prior to* the date of the filing of the praecipe, a fatal defect exists so as to preclude the entry of default judgment. Appellants' Brief at 10–14. The trial court rejected this argument, finding that Pa.R.C.P. 237.1 requires only that Keller file a certification that he complied with the 10–day notice requirement (along with a copy of the notice), and does not require that the certification be filed at any specific time prior thereto. Trial Court Opinion, 7/2/12, at 1.

■■■ "The interpretation and application of a Pennsylvania Rule of Civil Procedure presents a question of law. Accordingly, to the extent that we are required to interpret a rule of civil procedure, our standard of review is de novo, and our scope of review is plenary." *Gray v. Buonopane*, 53 A.3d 829, 834 (Pa.Super.2012).

■■■ "Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is

not to be disregarded under the pretext of pursuing its spirit." Pa.R.C.P. 127(b). As set forth above, Pa.R.C.P. 237.1 provides only that a plaintiff seeking the entry of default judgment must file a praecipe and include with the praecipe "a certification that a written notice of intention to file the praecipe was mailed or delivered … after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe[.]" Pa.R.C.P. 237.1(2)(ii). The only other requirement contained in this Rule is that "[a] copy of the notice shall be attached to the praecipe." Pa. R.C.P. 237.1(3). The language of this Rule is clear and unambiguous. Rule 237.1 does not require the independent filing of the 10–day notice; it only requires that it be attached to the praecipe for default judgment at the time the praecipe is filed.

■■■ Appellants cite to two trial court decisions and a local rule of court of Luzerne County in support of their position. None of these help Appellants' cause.[6] Appellants cite to a case from the Court of Common Pleas, Philadelphia County, *Rosser v. Cherry*, 75 Pa. D. & C.2d 468 (Pa. Com.Pl.1975), arguing that it involved similar factual circumstances to the case at bar. Appellants' Brief at 11. First, we note that the decision in *Rosser* predates the adoption of Pa.R.C.P. 237.1. *See* Pa. R.C.P. 237.1 (stating that it was "[a]dopted Dec. 14, 1979, effective Feb. 1, 1980."). Accordingly, the holding of *Rosser* necessarily cannot involve the precise procedure set forth in Pa.R.C.P. 237.1. Second, at issue in *Rosser* was the question of whether a default judgment may stand if there is no proof of service establishing that the *complaint* was served upon the defendant prior to the entry of default judgment.

---

6. As to Appellants' reliance on cases decided by a court of common pleas, we are not bound by any such decisions even if directly on point. *Goddard v. Heintzelman,* 875 A.2d 1119, 1121 (Pa.Super.2005) (holding that Superior Court is not bound by decisions of the Court of Common Pleas and is free to reach contrary holdings).

The inquiry was therefore focused on whether the defendant received original service of process. To that end, the trial court concluded that "it is an elementary procedural safeguard to require that the party seeking entry of a judgment which deprives his opponent of his 'day in court' ... should first shoulder the simple burden of submitting proof that he has given notice to his opponent that the opponent has come under a duty to appear in the case or suffer judgment by default." *Rosser*, 75 Pa. D. & C.2d at 470–71. In the present case, Appellants do not allege that they were not properly served with Keller's complaint, and so there is no concern that Appellants were not on notice of Keller's claims against them. Thus, *Rosser* is not germane to the case before us.

Appellants likewise cite to an Allegheny County Court of Common Pleas case, but only for the proposition that it is the duty of the county prothonotary to insure that the prerequisites for entry of a default judgment have been satisfied before entering a default judgment. Appellants' Brief at 12 (citing *Bank One Delaware N.A. v. Mitchell*, 70 Pa. D. & C.4th 353, 2005 WL 1362010 (Pa.Com.Pl.2005)). This declaration does nothing to advance Appellants' argument. The *Mitchell* case does not hold, much less tangentially suggest, that a plaintiff seeking default judgment under Pa.R.C.P. 1037 must file the 10–day notice prior to the filing of the praecipe for default judgment.

Finally, Appellants direct our attention to Luzerne County Local Rule 440, which they contend requires Keller to have filed the 10–day notice prior to serving it on Appellants. Appellants' Brief at 12. This Rule provides, in relevant part, as follows:

Unless otherwise provided by statute or rule of court, a copy of all pleadings, petitions, motions, rules or answers thereto, or notices or other papers required to be served on another party, shall be served in the manner provided by Pa.R.C.P. [440][7], or as otherwise directed by order of court, within five (5) days from the filing thereof; otherwise, said paper shall be void and of no effect.

Luz. Co. C.P.R. No. 440.

Appellants' argument appears to be that because the 10–day notice was required to be served on Appellants, then pursuant to local rule, the 10–day notice had to be filed before it was served. Luzerne County Local Rule 440 is only applicable to situations where no statute or rule of court "otherwise provide[s]." *Id.* This limitation is consistent with Pa. R.C.P. 239(b)(1), which provides that "[l]ocal rules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly." Pa.R.C.P. 239(b)(1). As discussed above, Pa.R.C.P. 237.1 does not require the 10–day notice to be filed at any time other than with the filing of the praecipe for entry of default judgment. The clear language contained in Pa.R.C.P. 237.1 precludes application of Luzerne County Local Rule 440 to the default judgment procedures. *See* Pa. R.C.P. 239(b)(1). Accordingly, Appellants' arguments fail and the petition to strike was properly denied because the record, on its face, supports the entry of the default judgment.

 In their second issue, Appellants argue that the trial court erred in denying their petition to open default judgment.[8] In contrast to a motion seeking to

---

7. Pa.R.C.P. 440 governs the service of legal papers other than original process.

8. In denying the petition to open the default judgment, the trial court states that it would

accept as true the well-pleaded facts in Keller's answer to the petition because Appellants did not take depositions as provided by "Pa.R.C.P. 209." Trial Court Opinion,

strike a default judgment, "a petition to open a default judgment is an appeal to the equitable powers of the court, and absent an error of law or a clear, manifest abuse of discretion, its decision thereon will not be disturbed on appeal." *Kelly v. Siuma*, 34 A.3d 86, 91 (Pa.Super.2011), *appeal denied*, 615 Pa. 778, 42 A.3d 294 (2012). "An abuse of discretion occurs when a trial court . . . overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will." *Id.*

Appellants have failed to develop any argument in support of their position that the default judgment should have been opened. Our Rules provide that an appellant's argument must contain citation to relevant authorities as well as reference to the portions of the record and evidence that support the issue on appeal. *See* Pa. R.A.P. 2119(b)-(d). Appellants have fallen far short of this standard. While they cite to relevant authorities establishing the prerequisites for the grant or denial of a petition to open, albeit in the section of their brief entitled "Statement of Scope and Standard of Review," Appellants' Brief at 3–4, they fail to develop any argument as to the application of those standards to this case. Appellants provide the following as the entirety of their argument in support of this issue:

> Applying the above standards to the facts of this case shows that [Appellant's] [sic] Petition to Strike was presented to this [sic][c]ourt on November 8, 2010. [Appellants'] Petition to Open was filed within thirty (30) days of the filing of the Default Judgment. [Appellants] have advanced a meritorious defense as evidences by the Preliminary Objections attached to the Petition to Open.
>
> [Appellants] [sic] reasonable excuse is based upon their fulfillment of their duties to their client, George Stofko, in two (2) other vigorously contested actions which are still pending.

*Id.* at 15.

 This Court will not develop arguments on the behalf of an appellant or comb the record for factual underpinnings to support an appellant's position. *Bombar v. West American Ins. Co.*, 932 A.2d 78, 93 (Pa.Super.2007). Accordingly, we find this issue waived for Appellants' failure to adequately develop it. *See J.J. DeLuca Co., Inc. v. Toll Naval Associates*, 56 A.3d 402, 411 (Pa.Super.2012) (holding that issue on appeal is waived where appellant fails to develop argument of trial court error or provide pertinent supporting authority).

Order affirmed. Motion to Amend denied.

7/12/12, at 1. We believe the trial court is referring to Pennsylvania Rules of Civil Procedure 206.6 and 206.7. In combination, these rules provide that *if* the trial court enters an order setting a deadline for taking depositions and the petitioner fails to take depositions, *then* the petition will be decided on the petition and answer with all well-pleaded facts in the answer responsive to the petition deemed admitted. *See* Pa.R.C.P. 206.6(c); Pa.R.C.P. 206.7(c). The certified record on appeal does not contain any order relating to Appellants' petition to open. Thus, there is nothing of record to establish Appellants' obligation to take depositions or to trigger Rule 206.7(c)'s deemed admission of the allegations in the answer. This omission may be a result of the abysmal state of the record and not the failure to issue the order. In any case, on appeal, Appellants do not rely on a procedural error to support the reversal of the denial of their petition to open.