J-A05034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FJW INVESTMENT, INC., D/B/A BATH FITTER OF PITTSBURGH | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : : | |
| | : : | No. 1041 WDA 2018 |
| LUXURY BATH OF PITTSBURGH, INC., BARRY ERENRICH, KENNETH KAYSER, RICHARD GALLAGHER, BRYAN MYERS, MARK PINTEA, RB PRO, INC., D/B/A RE-BATH, JO ANN YOCHUM, AND CHRISTINE DUMM | : : : : : : : : | |

Appeal from the Order Entered June 28, 2018
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD 12-009789

BEFORE:  GANTMAN, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                          **FILED APRIL 23, 2019**

FJW Investment, Inc., d/b/a Bath Fitter of Pittsburgh (Bath Fitter), appeals from the order granting summary judgment in favor of Appellees Luxury Bath of Pittsburgh, Inc., and its employees Barry Erenrich, Kenneth Kayser, Richard Gallager, Bryan Myers (collectively, Luxury Bath) and RB Pro, Inc., d/b/a Re-Bath, and its employees Mark Pintea, Jo Ann Yochum, and Christine Dumm (collectively, Re-Bath).[1]  For the reasons that follow, we affirm.

---

[1]  We refer to Luxury Bath and Re-Bath collectively as Appellees.

Bath Fitter, Luxury Bath, and Re-Bath are each competitors in the one-day bathroom remodeling business. These companies specialize in installing acrylic bath and shower liners over existing bathtubs and showers at a relatively inexpensive price.

Sometime in 2010, Christopher Horney (Horney), the owner of Re-Bath, created an allegedly defamatory video relating to Bath Fitter's business practices. The video depicted Bath Fitter using shoddy materials, poor workmanship, and engaging in other wrongful business practices in an effort to cheat their customers. For example, the video showed Bath Fitter workers using double-sided tape, as opposed to epoxy glue, as the adhesive behind the acrylic bathtub and shower liners they installed over their customers' existing bathtubs and showers. Horney uploaded the video to YouTube in March 2011. Between late September 2011 and June 2012, a Luxury Bath salesperson showed the video to approximately five to ten potential customers. In February 2012, Bath Fitter allegedly learned about the existence of the video.

On June 4, 2012, Appellant filed a complaint against Luxury Bath and Re-Bath in which it raised claims of defamation *per se* (Count I), commercial disparagement (Count II), intentional interference with contractual relations (Count III), trademark infringement (Count IV), unfair competition (Count V), and civil conspiracy (Count VI). On November 16, 2012, in response to Luxury Bath's preliminary objections, Bath Fitter filed an amended complaint. Bath

Fitter asserted that it suffered over $1,000,000.00 in losses stemming from the allegedly defamatory video.

Discovery began in May 2013 and continued for more than four years. On July 17, 2017, Luxury Bath filed a motion for summary judgment as to all counts in which it asserted that, *inter alia*, there was no evidence to support Bath Fitter's claim that the allegedly defamatory video caused Bath Fitter any losses, and that in any event, the statute of limitations barred Bath Fitter's claims. On October 11, 2017, the trial court entered an order granting summary judgment in favor of Luxury Bath and against Bath Fitter with the exception of Count I (defamation) of the complaint.[2] With respect to Count I, the trial court denied summary judgment to permit Bath Fitter additional time to obtain evidence of loss and general damages to support its defamation claim.

On April 30, 2018, Re-Bath filed a motion for summary judgment in which it argued that Bath Fitter had failed to prove damages stemming from the publication of the allegedly defamatory video, and that the statute of limitations barred Bath Fitter's claims. On June 11, 2018, Luxury Bath joined Re-Bath's motion for summary judgment. On June 12, 2018, at the conclusion of oral argument on the motions for summary judgment, the trial court once

---

[2] Count IV (trademark infringement) was dismissed by agreement of the parties.

again granted Bath Fitter an additional 10 days to obtain evidence of damages that would support its defamation claim.

On June 28, 2018, the trial court granted summary judgment on the defamation claim in favor Appellees and against Bath Fitter, thereby dismissing Bath Fitter's sole remaining claim. The trial court concluded that Bath Fitter's defamation *per se* claim was barred by the statute of limitations and that Bath Fitter had failed to produce "any evidence that linked any of [Luxury Bath's or Re-Bath's] alleged conduct to an alleged million dollar drop in sales during any period of time." Trial Court Opinion, 9/27/18, at 4-6. On July 23, 2018, this timely appeal followed.

On appeal, Bath Fitter presents the following issues for review:

1.  Are general damages sufficient for [Bath Fitter]'s commercial defamation *per se* claims, and is [Bath Fitter] entitled to submit expert reports and complete discovery to support these damages and other causes of action?

2.  Does the statute of limitations not bar [Bath Fitter]'s claims when [Bath Fitter] filed its Complaint upon reasonable discovery of the [Appellees'] defamatory Video, which [Appellees] concealed, the Video was modified and newly published and [Appellees'] Video, Pitch Books, and oral defamatory statements were still being republished to customers up to and/or beyond the date of filing of the Complaint?

3.  Did the [trial court] violate the Pennsylvania Rules of Civil Procedure, the Local Rules of the Court of Common Pleas of Allegheny County, and due process by issuing summary judgment while discovery was proceeding, Discovery Judge orders compelling relevant Defendant production were pending, and relevant expert reports were not yet due?

4. Did the [trial court] violate due process, the Local Rules of Allegheny County Court of Common Pleas, and the Pennsylvania Rules of Civil Procedure by (1) ruling in violation of its own briefing schedule prior to the receipt of a Reply Brief, and (2) permitting summary judgment without proper timely filing of motions and briefs by [Appellees]?

5. Was summary judgment improper on each of [Bath Fitter]'s Counts when there were disputed issues of material fact and ongoing discovery?

6. Did various Orders of the Discovery Judge violate the judicial policy of free and open discovery by limiting [Bath Fitter]'s discovery activities which were attempting to obtain further evidence of tortious activity and damages?

Appellant's Brief at 6-7.[3]

In its first issue, Bath Fitter argues that the trial court erred in granting summary judgment in favor of Appellees on the basis that it did not submit evidence of damages. Bath Fitter contends that general damages are presumed in a defamation *per se* claim and that in any event, it did submit sufficient proof of damages to sustain its defamation claim.

Our Supreme Court has set forth the standard of review for an order granting summary judgment as follows:

As has been oft declared by this Court, "summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." ***Atcovitz v. Gulph Mills Tennis Club, Inc.***, [] 812 A.2d 1218, 1221 ([Pa.] 2002); Pa.R.C.P. No. 1035.2(1). When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most

_____

[3] We have reordered Bath Fitter's first and second issues for ease of review.

favorable to the non-moving party. ***Toy v. Metropolitan Life Ins. Co.***, [] 928 A.2d 186, 195 ([Pa.] 2007). In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment "where the right to such judgment is clear and free from all doubt." ***Id.*** On appellate review, then,

> an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals.

***Weaver v. Lancaster Newspapers, Inc.***, [] 926 A.2d 899, 902-03 ([Pa.] 2007) (internal citations omitted). To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record. ***Id.*** at 903.

***Summers v. Certainteed Corp.***, 997 A.2d 1152, 1159 (Pa. 2010).

This Court has stated the following with respect to defamation claims:

A publication is defamatory if it is intended to harass the reputation of another so as to lower him or her in the estimation of the community or if it tends to deter third persons from associating or dealing with him or her. When considering defamatory meaning, the court must determine what effect the statement is fairly calculated to produce and the impression it would naturally engender in the minds of average persons among whom it is intended to circulate. A statement which ascribes to another conduct, character, or a condition which would adversely affect her fitness for the proper conduct of her lawful business, trade or profession is defamatory.

***Walker v. Grand Cent. Sanitation, Inc.***, 634 A.2d 237, 240 (Pa. Super. 1993).

We have further explained "that a publication in which the speaker imputes to another conduct, characteristics, or a condition that would

- 6 -

adversely affect her in her lawful business or trade is termed a '[defamation] *per se*.'" **Id.** at 241. "[A] plaintiff who pleads and proves [defamation] *per se* need not prove special damages in order to recover." **Id.** at 242. "The term 'special damages' is defined as 'actual economic harm' or 'pecuniary loss.'" ***Pilchesky v. Gatelli***, 12 A.3d 430, 444 (Pa. Super. 2011) (citation omitted). Importantly, however, "every defamation plaintiff must prove 'actual harm.' Pecuniary loss is not the only, or even the most significant harm resulting from defamation. Injury to reputation, impairment of standing in the community, personal humiliation and mental anguish are types of actual harm 'not limited to out-of-pocket loss' compensable for defamation." **Id.** Thus, we have held that "a defendant who publishes a statement which can be considered [defamation] *per se* is liable [only] for the **proven, actual harm the publication causes**." ***Walker***, 634 A.2d at 244 (emphasis added).

In support of its claim that general damages are presumed in a defamation *per se* action, Bath Fitter cites ***Leitz v. Hohman***, 16 Pa. Super. 276 (1901). In ***Leitz***, this Court stated that "[g]eneral damages are such as the law will presume to be the natural or probable consequence of the defendant's conduct." **Id.** at 283. This case, however, is over 100 years old and not reflective of the more recent developments in the law relating to defamation *per se* claims, cited above, which clearly state that a plaintiff in a defamation *per se* action must provide proof of actual harm.

Based on our review of the certified record on appeal, we conclude that the trial court did not err in determining that Bath Fitter failed to present any evidence of actual harm to support a defamation *per se* claim. Discovery in this case commenced in May 2013 and the trial court entered its final order granting summary judgment on June 28, 2018. The certified record reflects that in the more than five years Bath Fitter had to produce evidence of actual harm, Bath Fitter presented no evidence to connect the allegedly defamatory video to the $1,000,000.00 decrease in sales asserted by Bath Fitter. Likewise, Bath Fitter failed to present any oral testimony from an actual or prospective customer to state that the video negatively impacted their opinion of Bath Fitter.

For example, Samuel Lucci, Bath Fitter's designated corporate representative, testified at his deposition as follows:

Q . . . The question is, sitting here right now, can you name a customer whose business [Bath Fitter] lost because of the video?

A Are you asking me personally?

Q Let's start with that.

A No.

Appendix of Exhibits in Support of Motion for Summary Judgment, Exhibit 7 (Deposition of Samuel Lucci, Vol. IV, at 1014).

Even on appeal, Bath Fitter does not point to any evidence that would indicate that the video caused Bath Fitter any pecuniary loss or a loss to its standing in the community. At the time the trial court granted summary

judgment, Bath Fitter had failed to identify a single person who could testify that he or she viewed the allegedly defamatory video and that the video caused that individual to view Bath Fitter in a negative light. Bath Fitter has not at any point in this lawsuit tied its $1,000,000.00 decrease in sales to the video. Indeed, it is difficult to conceive of a manner in which Bath Fitter could relate the sales decrease to the video, particularly when Bath Fitter has been unable to identify a single instance of lost business arising out of the video.

Because Bath Fitter was unable to produce any evidence that the video damaged its reputation, impaired its standing in the community, or caused any kind of pecuniary loss, we conclude that the trial court properly determined that Bath Fitter failed to provide proof of actual harm. ***See Pilchesky v. Gatelli***, 12 A.3d at 444; ***Walker***, 634 A.2d at 244. Accordingly, the trial court properly granted summary judgment in favor of Appellees.

In its second issue, Bath Fitter argues that the trial court erred in granting summary judgment in favor of Appellees on the basis that the statute of limitations barred Bath Fitter's defamation *per se* claim. Because we conclude that the trial court correctly determined that Bath Fitter presented no evidence to prove actual harm arising out of the publication of the allegedly defamatory video, we decline to address this issue further.

In its third issue, Bath Fitter argues that the trial court erred in granting summary judgment because the trial court did so while discovery was ongoing. Specifically, Appellant asserts that the trial court violated

J-A05034-19

Pennsylvania Rule of Civil Procedure 1035.2(2), because there was an outstanding order directing Appellees to identify customers that they solicited from Bath Fitter, and because Bath Fitter had identified an expert willing to provide a report relating the $1,000,000.00 loss in sales directly to the video.

Rule 1035.2(2) provides:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

\* \* \*

(2) if, after the completion of discovery **relevant to the motion**, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2(2) (emphasis added). The explanatory comment for Rule 1035.2 further explains:

Special note should be taken of the requirement under Rule 1035.2(2) that the motion be made **after completion of discovery relevant to the motion**, including the production of expert reports. While Rule 1035.2(2) is prefaced with the statement that any party may file a motion after the relevant pleadings have closed, the adverse party must be given adequate time to develop the case and the motion will be premature if filed before the adverse party has completed discovery relevant to the motion. The purpose of the rule is to eliminate cases prior to trial where a party cannot make out a claim or a defense after relevant discovery has been completed; the intent is not to eliminate meritorious claims prematurely before relevant discovery has been completed.

Pa.R.C.P. 1035.2, explanatory comment.

- 10 -

We conclude that the trial court did not violate Rule 1035.2(2) when it granted summary judgment in favor of Appellees. We find this Court's decision in **_Kerns v. Methodist Hospital_**, 574 A.2d 1068 (Pa. Super. 1990), instructive. In **_Kerns_**, the appellants argued that the trial court erred in ruling on a motion for summary judgment because "an order extending the period for discovery had previously been entered, and two proper discovery requests remained outstanding at the time summary judgment was granted. We find no merit in the contention." **_Id._** at 1071. In determining that there was no merit to this claim, we explained:

> The applicable rules provide no timetable for discovery; rather, the parties are permitted to engage in the various types of discovery simultaneously, subject to the supervision of the trial court. In supervising discovery, the trial court has broad discretion to take such action as it deems appropriate to insure prompt and adequate discovery.
>
> It may be an abuse of discretion to deny a continuance to complete further discovery when the party opposing summary judgment has been denied an adequate opportunity to conduct reasonable discovery.
>
> *    *    *
>
> On the other hand, appellate courts of this Commonwealth have found no abuse of discretion in denying a continuance to pursue further discovery pursuant to Pa.R.C.P. 1035(e) when a reasonable period for discovery had expired, and the opposing party failed to demonstrate the materiality of the outstanding discovery or the opposing party failed to demonstrate that it had proceeded in a timely manner with respect to the discovery sought.
>
> *    *    *

- 11 -

> Parties must be given a reasonable period of time to pursue proper discovery, and if a summary judgment motion is filed prematurely, the trial court must grant a continuance if the opposing party specifies proper discovery to be sought in a timely manner. On the other hand, if an adequate time for discovery has already expired when a continuance is sought, the party opposing summary judgment must establish both materiality and due diligence with regard to the further discovery sought. Applying these rules in the instant case, we find no abuse of discretion in the trial court's denial of a continuance to complete further discovery.

*Id.* at 1073-74 (citations omitted). Ultimately, even though there was discovery outstanding, this Court concluded that the appellants failed to establish either the materiality or due diligence of the discovery they sought, as they provided no explanation as to why they could not obtain the discovery in the nearly three years since the filing of the complaint. *Id.* at 1074.

In this case, where the trial court granted summary judgment on June 28, 2018, discovery had been ongoing since May 2013, well over five years. As explained above, the trial court properly granted summary judgment, in part, because in the over five years of discovery, Bath Fitter had failed to produce any evidence tying its $1,000,000.00 decline in sales to the allegedly defamatory video or a single instance of a person stating that they thought less of Bath Fitter after viewing the video. The trial court afforded Bath Fitter multiple time extensions after Appellees filed their motions for summary judgment to produce such evidence. With no evidence to support its claim that the video caused harm to Bath Fitter's reputation, Bath Fitter provided

no evidence upon which an expert could rely to establish any type of pecuniary damages.

Moreover, Bath Fitter has at no point, either before the trial court or this Court, identified what an expert would have specifically stated in his or her testimony. Bath Fitter has also failed to establish or even attempted to explain why they could not have obtained any of this evidence in the five-plus years of ongoing discovery. Accordingly, we conclude that the trial court did not err in granting summary judgment prior to resolving the outstanding discovery issues identified by Bath Fitter, because Bath Fitter failed to establish either the materiality or due diligence of the discovery they sought. *See id.* at 1073-74.

In its fourth, fifth, and sixth issues, Bath Fitter argues that the trial court erred in granting summary judgment when Appellees violated the local rules of civil procedure by not properly or timely filing motions; that the trial court improperly granted summary judgment as to Counts II through VI of the complaint; and that the Discovery Judge violated free and open discovery by limiting discovery designed to obtain evidence of tortious activity and damages. Bath Fitter has waived these issues.

"The argument portion of a brief must include pertinent discussion of the point raised as well as citations to relevant authority." *Iron Age Corp. v. Dvorak*, 880 A.2d 657, 665 (Pa. Super. 2005); Pa.R.A.P. 2119(a)-(b). The "[f]ailure to develop an argument results in waiver of the claim." *Plastipak*

*Packaging, Inc. v. DePasquale*, 937 A.2d 1106, 1112 (Pa. Super. 2007). "This Court will not develop arguments on the behalf of an appellant or comb the record for factual underpinnings to support an appellant's position." *Keller v. Mey*, 67 A.3d 1, 7 (Pa. Super. 2013).

In its discussion of these three issues, Bath Fitter only cites two total cases, one of which is a Commonwealth Court decision, which is not binding on this Court. Bath Fitter does not discuss the contents of those cases or how they relate to this appeal. The arguments for each of these issues are severely underdeveloped, tersely worded, and in no way explain how the trial court erred with respect to each of the issues. In sum, Bath Fitter provides no basis upon which this Court could grant relief on these issues. Given these deficiencies, we find that Bath Fitter has waived its fourth, fifth, and sixth issues on appeal. *See J.J. DeLuca Co., Inc. v. Toll Naval Associates*, 56 A.3d 402, 411 (Pa. Super. 2012) (holding that issue on appeal is waived where appellant fails to develop argument of trial court error).

Order affirmed.

P.J.E. Gantman joins the memorandum.

Judge Shogan files a concurring statement.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/23/2019