J-S04014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANN M. CHURCH AND DONALD CHURCH | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 921 MDA 2020 |
| R AND K FOODS OF PENNSYLVANIA, INC., TDBA "MCDONALD'S" | : | |

Appeal from the Order Entered June 16, 2020
In the Court of Common Pleas of Columbia County Civil Division at
No(s):  2019-CV-390-CV

BEFORE:  OLSON, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 23, 2021**

Appellants, Ann M. Church (Church) and Donald Church (Husband) (collectively, Appellants), appeal from the order entered on June 16, 2020, which granted summary judgment in favor of R and K Foods of Pennsylvania, Inc., tdba "McDonald's" (R and K Foods).  Upon review, we affirm.

We briefly summarize the facts and procedural history of this case as follows.  On September 8, 2018, Church went to a McDonald's restaurant located at 10 Briar Creek Plaza in Berwick, Pennsylvania.  After purchasing food and nearing an exit, Church slipped and fell, striking her knees, forearm, and elbow.  Church subsequently received medical attention that revealed a fracture of her left patella.  On March 25, 2019, Appellants filed a two-count complaint against R and K Foods alleging negligence and loss of consortium on behalf of Husband.  More specifically, Appellants alleged that R and K Foods

was negligent for failing to provide a safe environment or to keep the premises safe for business invitees, warn Church of the dangerous condition, make appropriate observations of the dangerous condition, and/or take proper precautions. Complaint, 3/25/2019, at 2-3, ¶13.

On December 9, 2019, R and K Foods filed a motion for summary judgment arguing, "[t]he undisputed facts of record establish that [R and K Foods] warned [Church] of the possibility of wet floors." Motion for Summary Judgment, 12/6/2019, at *3 (unpaginated), ¶ 11. R and K Foods attached to their motion "surveillance video which demonstrate[d] that [Church] fell directly next to a yellow wet floor sign[.]" *Id.* at *2, ¶ 4. Moreover, R and K Foods further relied upon Church's deposition testimony wherein she identified herself after watching the surveillance video, conceded that the floor sign was a warning, and that she should have exercised caution when walking near wet floors. *Id.* at ¶¶ 5-6.

The trial court granted R and K Foods' motion for summary judgment by order entered on June 12, 2020. More specifically, the trial court determined:

> The facts of this case are clear and undisputed largely because there is a video of the incident. The video shows [Church] walk past a large "Wet Floor" cone on the way to the counter, albeit a dry floor. The video shows that the floor was mopped as [Church] was ordering. The video shows [Church] walk past the cone and slip and fall near the cone on her way from the counter. In answer to a question[,] "Did you exercise any sort of caution or being careful prior to your fall?" [Church] said[,] "No" at a deposition, even though she admitted that a person should "[b]e careful" when he or she sees a cone and a wet floor.

\*          \*          \*

> In the case at bar, as a matter of law, [R and K Foods'] actions were reasonably discharged by placing a large "Wet Floor" cone in the area of the wet floor. [Church] walked past the cone and fell.

Order, 6/16/2020, at n.1. Accordingly, the trial court granted relief and entered judgment in favor of R and K Foods. This timely appeal resulted.[1]

On appeal, Appellants present the following issue for our review:

> Did the trial court err as a matter of law and/or abuse its discretion in granting summary judgment in favor of [R and K Foods] on the issue of whether [Appellants] developed sufficient facts to submit to a jury the question of whether [R and K Foods] provided sufficient notice of a dangerous condition?

Appellants' Brief at 3.

Appellants contend that the trial court erred as a matter of law or abused its discretion by granting the motion for summary judgment filed by R and K Foods, because Church was not provided sufficient notice of the dangerous condition. More specifically, citing **Breznicky v. Kmart Corp.**, 51 Pa. D. & C.4th 518 (2001),[2] Appellants assert, in sum:

> the cone in the instant case was insufficient to warn [Church] because it was located approximately five feet from where she slipped and also [R and K Foods] should have known her attention would be drawn elsewhere. The danger was such that [R and K Foods] should have realized that the step it took to warn its invitees of mopping would be inadequate to warn its patrons of

---

[1] On July 10, 2020, Appellants separately filed a praecipe to reduce judgment and a notice of appeal. On July 16, 2020, the trial court directed Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellants complied timely on August 6, 2020. On August 11, 2020, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

[2] We are not bound by decisions of the Court of Common Pleas, even if directly on point. **See Keller v. Mey**, 67 A.3d 1, 6 (Pa. Super. 2013).

the dangerous condition under the circumstances existing at the time. The warning cone was not placed in or on the wet area, the substance on the floor was not discernible upon visual inspection, and the area where [Church] walked appeared to be open to customers whose attention would likely be focused on the menu of items they intended to purchase and not on the warning cone. In addition, because she had already walked through the area previously and the floor was dry, [Church] had no reason to believe that the area would be dangerous when she exited. However, while she was waiting for her food, an employee mopped the floor behind [Church] several feet from where the sign was placed.

Appellants' Brief at 11-12.

Our standard of review of a challenge to an order granting summary judgment is as follows:

We may reverse if there has been an error of law or an abuse of discretion. Our standard of review is *de novo*, and our scope plenary. We must view the record in the light most favorable to the nonmoving party and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Furthermore, in evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.

***Carlino E. Brandywine, L.P. v. Brandywine Vill. Ass'n***, 197 A.3d 1189, 1199–1200 (Pa. Super. 2018) (original brackets omitted).

Based upon review of the certified record, the parties' appellate briefs, the trial court's opinion, and applicable law, we conclude that the trial court

thoroughly and accurately addressed the issue Appellants raise on appeal and we discern no abuse of discretion or error of law in ruling on their claims. Here, the trial court determined that a possessor of land owes a business invitee a duty to warn of danger, R and K Foods warned Church before she encountered the danger, and Church admittedly failed to heed the warning or exercise caution despite knowing to do so. Our review of applicable law and the facts of record support the trial court's conclusion. Consequently, we affirm on the basis of the trial court's opinion issued on August 11, 2020 and adopt it as our own. The parties are instructed to attach a copy of the trial court opinion to all future filings regarding this appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/23/2021

37b

ANN M. CHURCH and DONALD CHURCH,

        Plaintiffs

        VS.

R AND K FOODS OF PENNSYLVANIA, INC., TBA "MCDONALD'S",

        Defendant

IN THE COURT OF COMMON PLEAS FOR THE 26TH JUDICIAL DISTRICT, COLUMBIA COUNTY BRANCH, PENNSYLVANIA CIVIL ACTION - LAW

CASE NO: 390 OF 2019

APPEREANCES:
ALICE T.K. CORBA, ESQUIRE, Attorney for Plaintiffs
REBECCA CANTOR, ESQUIRE, Attorney for Defendant

AUGUST 11, 2020.  JAMES, J.

## OPINION PURSUANT TO PA.R.A.P. 1925(a)

Plaintiff filed this personal injury case based on a slip and fall cause of action at defendant's MacDonald's restaurant. After the conclusion of discovery, defendant filed a summary judgment motion.  This court granted the summary judgment motion and dismissed plaintiffs' claims.  Plaintiffs appealed.

In their Concise Statement plaintiffs cite eight (8) alleged errors.  However, all eight arguments are in the nature of argument.  This court will address whether the court abused its discretion or committed an error of law in dismissing plaintiffs' negligence claim.

The record contains a video showing the incident fairly clearly.  Based on that video and other parts of the record, including deposition statements, and based on the law, this

1

court determined that this incident as an accident and, as we tell juries, "the mere happening of an accident is not evidence of negligence." Zilka v. Sanctis Constr., Inc., 409 Pa. 396, 399, 186 A.2d 897, 898, (Pa. 1962).

"The trial court must accept as true all well-pleaded facts in the non-moving party's pleadings, and give to him or to her the benefit of all reasonable inferences to be drawn therefrom. Summary judgment should not be entered unless the case is clear and free from doubt. …. A grant of summary judgment is proper where the pleadings, depositions, answers to interrogatories and admissions on file support the lower court's conclusion that no genuine issue of material fact exists and that the moving party is entitled [to] judgment as a matter of law. …." Dansak v. Cameron Coca-Cola Bottling Co., 703 A.2d 489, 492, (Pa. Super. 1997)(citations omitted).

"The landowner's duty of protection toward a business visitor is the highest duty owed to any entrant upon the land. The rule … places the possessor of land under an affirmative duty to protect the business visitor not only against dangers of which he knows but also against those which with reasonable care he might discover. The occupier of the premises ordinarily owes the business visitor 'not only the duty not to injure him by unreasonably dangerous conduct while he is upon the premises, but also the affirmative duty to use reasonable care to discover

2

unreasonably dangerous conditions of the premises and either put the premises in a reasonably safe condition for use in a manner consistent with the purpose of the invitation or warn him of the danger.'" Treadway v. Ebert Motor Co., 292 Pa. Super. 41, 49, 436 A.2d 994, 998 (Pa. Super. 1981)(emphasis provided).

The facts in this case are clear and undisputed largely because there is a video of the incident. The video shows plaintiff (Ann Church) walk past a large "Wet Floor" cone on the way to the counter, albeit a dry floor. The video shows an employee, with a mop and bucket, walk in front of plaintiffs as they are ordering. The employee proceeds to mop the floor at the location of the "Wet Floor" sign. The employee leaves that area but the large "Wet Floor" sign remains. The video shows plaintiff walk past the sign and slip and fall near the sign/cone on her way from the counter. In answer to a question "Did you exercise any sort of caution or being careful prior to your fall?" Plaintiff said "No" at a deposition. She had admitted that a person should "Be careful" when he or she sees a cone and a wet floor. Plaintiff Ann Church depo. Tr. Pp. 32-33.

Spills happen at fast food restaurants and the owner of the premises must mop up those spills to make the walking area safe, i.e., put the premises in a reasonably safe condition. Defendant did just that by mopping the floor and warning plaintiffs of the wet and mopped floor with a large warning

3

sign. Admittedly plaintiff Ann Church did not exercise any caution despite seeing the sign. Although the floor was mopped after plaintiff first walked past the sign, the sign provided continuing notice to be careful and was a reasonable warning of danger under the circumstances, as a matter of law.

The appeal should be dismissed.


BY THE COURT:

HONORABLE THOMAS A. JAMES, JR., J.