J-S09017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CROWN ASSET MANAGEMENT, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL SUTTON | : | |
| | : | |
| Appellant | : | No. 1353 EDA 2020 |

Appeal from the Order Entered February 13, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 191001297

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED JUNE 02, 2021**

Michael Sutton (Appellant) appeals from the order entered in the Philadelphia County Court of Common Pleas, denying his motion to reinstate an appeal from the Philadelphia Municipal Court.  The trial court based its decision on Appellant's failure to serve the court's standing case management order on Crown Asset Management, LLC (Crown Asset).  Appellant addresses this point (service of the standing case management order) for the first time on appeal.  Because Appellant has not preserved any meritorious claim for our review, we affirm.

Crown Asset filed the instant collections action in the Philadelphia Municipal Court against Appellant, relating to an outstanding credit card balance.  Trial Ct. Op., 10/9/20, at 1.  On September 20, 2019, the Municipal Court entered judgment in favor of Crown Asset in the amount of $1,886.21.

Pertinently, Crown Asset listed its address in care of its counsel's out-of-state address.[1]

On October 15, 2019, Appellant filed a counseled appeal to the trial court. On the same day, the trial court issued a "standing case management order," which stated in pertinent part:

> **\*\*IMPORTANT\*\*  PLEASE READ THIS ORDER CAREFULLY. It contains important information about your case.  Failure to comply with any instructions provided in this Order may cause you to lose your case.**
>
> *      *      *
>
> 4. **SERVICE:** As the party taking this appeal, you must serve a copy of your notice of appeal and this Standing Case Management Order on the opposing party.  SERVICE must be made upon the opposing party pursuant to Philadelphia Rule of Civil Procedure 1001 (d).  You are required to file proof of service promptly upon completion of service utilizing the Civil Electronic Filing System.
>
>    ***The Court will not hear your case and may dismiss your appeal if proper service is not completed and if proof of service is not filed.***

Standing Case Management Order, 10/15/19, at 1 (capitalization and emphasis in original).  We emphasize this provision directed Appellant to, *inter alia*, serve a copy of the standing case management order on Crown Asset. Later that same day, October 15, 2019, Appellant filed a praecipe with the trial court to enter a rule on Crown Asset to file a complaint within 20 days.

---

[1] Crown Asset's own address is likewise out of state.  Crown Asset's Response in Opposition to Appellant's Motion to Reinstate Appeal, 1/27/20, at 1.

Two months later, on December 23, 2019, Crown Asset filed a praecipe to strike Appellant's appeal, claiming Appellant violated the Philadelphia Rules of Civil Procedure by: (1) serving his notice of appeal on Crown Asset on December 5th, more than 50 days after the notice of appeal was filed; (2) **not serving the standing case management order at all**; and (3) failing to file proof of service of the notice of appeal. Appellant's appeal was accordingly stricken.

On January 3, 2020, Appellant filed a counseled motion to reinstate his appeal, focusing on his alleged compliance with service on an out-of-state party. Appellant averred: (1) he properly served the notice of appeal and rule to file a complaint on Crown Asset in accordance with the Rules of Civil Procedure for service outside the Commonwealth; (2) Crown Asset admitted it received service of the notice of appeal and rule to file complaint; (3) however, Crown Asset "did not sign the return receipt and made no indication as to when it was delivered;" (4) thus, Appellant could not file the affidavit, which requires the signed return receipt; and (5) Appellant's "[c]ounsel was attempting re-service of the notice of appeal and rule in order to comply with the requirements for the affidavit of service within the time frame provided by [Pennsylvania Rule of Civil Procedure] 404."[2] Appellant's Motion to Reinstate

_____

[2] Rule 404(2) provides: "Original process shall be served outside the Commonwealth within ninety days of the issuance of the writ or the filing of
*(Footnote Continued Next Page)*

- 3 -

Appeal, 1/3/20, at ¶¶ 3-8.  Appellant then concluded:  (1) striking the appeal was not authorized by Philadelphia Rule 1001, which merely provides an appeal may be stricken on a failure to file a complaint, and here, Crown Asset admitted it received service of the notice of appeal; and (2) Crown Asset's "refusal to sign and date the return receipt . . . constitutes good cause to reinstate the appeal."  Appellant's Motion to Reinstate Appeal, 1/3/20, at 2-3 (unpaginated).  Appellant made no mention of Crown Asset's argument that he failed to serve a copy of the standing case management order, a point which Crown Asset then emphasized in a response to Appellant's motion to reinstate.

On February 13, 2020, the trial court entered the underlying order, denying Appellant's motion to reinstate his appeal to the trial court.  Appellant filed a timely notice of appeal.  Pursuant to the trial court's Pa.R.A.P. 1925(b) order, Appellant filed a court-ordered statement of errors complained of on appeal, which raised six issues, none of which refer to the standing case management order:

> 1. The Trial Court erred in denying [Appellant's] motion to reinstate appeal where service of the rule to file complaint was made on [Crown Asset] in accordance with the rules of civil procedure applicable to service of original process upon parties outside of the Commonwealth of Pennsylvania.

---

the complaint or the reissuance or the reinstatement thereof . . . by mail in the manner provided by Rule 403."  Pa.R.C.P. 404(2).

2. To the extent that the Court determined that service of the rule to file complaint had not been made, the Court erred in finding that Rule 404 of the Rules of Civil Procedure, relating to service of original process outside of the Commonwealth of Pennsylvania, did not apply to service of the rule to file complaint upon parties outside of the Commonwealth of Pennsylvania where Rule 400.1, relating to Courts of the First Judicial District, speaks only to service "within the county [of Philadelphia]" and "in any other county [within the Commonwealth]" and is silent as to service on parties outside of the Commonwealth of Pennsylvania.

3. Where Philadelphia Local Rule of Civil Procedure 1001 is silent as to when service of the rule to file complaint must be made, the Court erred in allowing the appeal to be stricken prior to the ninety-day period for service of original process specified in Rule 404, which governs service of original process outside of the Commonwealth of Pennsylvania.

4. The Court erred in finding that the Prothonotary had the authority to strike [Appellant's] appeal where [Crown Asset's praecipe] stated that the rule to file complaint had been served in accordance with the rules of civil procedure governing service of original process.

5. The Court erred in finding that the Prothonotary had the authority to strike [Appellant's] appeal for failing to file a proof of service where it was admitted in [Crown Asset's praecipe] to strike appeal that the service of the rule to file complaint had been made by [Appellant] in accordance with the Rules of Civil Procedure.

6. The Court erred by not finding good cause to reinstate the appeal.

*See* Appellant's Concise Statement of Errors Complained of on Appeal, 4/13/20, at 1-2.

The trial court issued an opinion. It did "not dispute that Appellant served the Rule to File Complaint on" Crown Asset, but found "Appellant's service was deficient because [he] never served the Standing Case

Management Order . . . as required" by the standing case management order itself. Trial Ct. Op. at 3. The court further stated:

> Appellant filed his Motion to Reinstate Appeal on January 3, 2020, and the Motion was assigned to this Court on January 29, 2020. By this time, the [90] day deadline to serve [Crown Asset] had lapsed and Appellant could not correct the deficiency in service. Further, Appellant did not dispute or otherwise address [Crown Asset's] claim that [he] failed to serve the Standing Case Management Order in his Motion to Reinstate or in his [Rule 1925(b) statement.] As service was deficient, and could not be corrected, there was no good cause for this Court to reinstate Appellant's appeal.

Trial Ct. Op. at 3-4.

> Appellant raises two issues in his statement of questions involved:
>
> 1. Whether the lower court erred in denying [Appellant's] motion to reinstate appeal where service of the rule to file complaint was made on [Crown Asset] in accordance with the rules of civil procedure applicable to service of original process upon parties outside of the Commonwealth of Pennsylvania?
>
> 2. Whether the lower court erred in finding that the Prothonotary had the authority to strike Appellant's appeal for failing to file a proof of service or failure to serve a case management order where the time for service outside of the Commonwealth had not lapsed and where it was admitted in [Crown Asset's praecipe] to strike appeal that the service of the rule to file complaint had been made in accordance with the Rules of Civil Procedure?

Appellant's Brief at 4.[3]

_____

[3] Appellant's argument, however, is not divided into corresponding sections, and instead presents the following claims in one discussion. We remind counsel: "The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part — in distinctive type or in type distinctively displayed — the particular point treated therein, *(Footnote Continued Next Page)*

For ease of review, we first set forth Philadelphia Rule 1001(h) (general provisions applicable to municipal court appeals), upon which Appellant relies:

> **(h) Striking Appeal.** . . . [U]pon the failure of the appellant who was the defendant in the Municipal Court action to serve upon the appellee (who was the plaintiff in the Municipal Court action) of a rule to file a complaint . . . the Office of Judicial Records shall, upon praecipe of the appellee, mark the appeal stricken from the record.  The Court of Common Pleas may reinstate the appeal upon good cause shown.

**See** Phila.R.C.P. 1001(h).

Appellant argues Philadelphia Rule 1001(h) "is the only rule authorizing the prothonotary to strike an appeal from the Philadelphia municipal court." Appellant's Brief at 9.  He contends that while this rule "authorizes the Prothonotary to strike an appeal for failure to serve **a rule to file complaint**[, it] is silent as to the effect of failing to serve a notice of appeal, a proof of service or an order of the court."  Appellant's Brief at 10.  Appellant asserts neither the Philadelphia Rule nor the standing case management order "authorized the Prothonotary to strike the appeal in this [case], and certainly not before the time for service under Rule 404 had elapsed."[4]  **Id.**  He then contends "[t]he trial court acknowledged that the appeal had been stricken

---

followed by such discussion and citation of authorities as are deemed pertinent."  **See** Pa.R.A.P. 2119(a).

[4] Appellant's brief makes no further mention of "Rule 404," and does not cite the provisions of this rule.  However, we glean from his filings before the trial court that he may be referring to Pennsylvania Rule of Civil Procedure 404.  We again remind counsel that the argument shall include "such discussion and citation of authorities as are deemed pertinent."  **See** Pa.R.A.P. 2119(a).

before the time for service had elapsed and only reasoned that because [Appellant's] motion to reinstate appeal was 'assigned' after the time had elapsed, the court was somehow powerless to reinstate the appeal." *Id.* at 10-11 (no citation provided). Finally, Appellant maintains, Rule 1001(h) provides a court with authority to reinstate an appeal "upon good cause shown." *Id.* at 11. We determine no relief is due.

We emphasize the trial court found Appellant's service was deficient on one ground: his failure to serve the **standing case management order** on Crown Asset, as required by the order itself. Standing Case Management Order. *Id.* Appellant has been represented by counsel throughout the trial court proceedings. Although Crown Asset's filings clearly raised this point — service of the standing case management order — Appellant did not address it at any time in the trial court proceedings. Indeed, after the trial court issued its opinion, clearly advising Appellant of its basis for denying his motion to reinstate, Appellant's lengthy Rule 1925(b) continued to ignore this issue. *See* Appellant's Concise Statement of Errors Complained of on Appeal, 4/13/20, at 1-2; Trial Ct. Op. at 4. Instead, Appellant addresses this issue for the first time in his appellate brief.

Instead, Appellant briefly addresses the case management service order for the first time in his appellate brief, as follows: "[Philadelphia Rule 1001(h)] is silent as to the effect of failing to serve a notice of appeal, a proof of service, or **an order of court**." *See* Appellant's Brief at 10 (emphasis added).

Because Appellant did not raise this issue before the trial court at any time, we are constrained to conclude the issue is waived. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."), 1925(b)(4)(vii) ("Issues not included in the Statement . . . are waived."); ***Sabella v. Appalachian Dev. Corp.***, 103 A.3d 83, 98 (Pa. Super. 2014) (appellants waived issues for appeal where: (1) they did not establish they preserved their objection before the trial court; and (2) their "Rule 1925(b) statement was insufficient to apprise the trial court of the specific arguments made before this Court"). ***See also In re F.C. III***, 2 A.3d 1201, 1211–12 (Pa. 2010) ("Issue preservation is foundational to proper appellate review. . . . By requiring that an issue be considered waived if raised for the first time on appeal, our courts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue."); ***Keller v. Mey***, 67 A.3d 1, 7 (Pa. Super. 2013) ("This Court will not develop arguments on the behalf of an appellant or comb the record for factual underpinnings to support an appellant's position."); ***Devine v. Hutt***, 863 A.2d 1160, 1169 (Pa. Super. 2004) ("The Superior Court, as an error-correcting court, may not purport to reverse a trial court's order where the only basis for a finding of error is a claim that the responsible party never gave the trial court an opportunity to consider.").

Appellant's remaining arguments do not merit relief — as to they go to issues not relied upon by the trial court for denying his motion to reinstate — and thus we affirm the trial court's order.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 6/2/2021*