Delaware Valley Surgical Supply Co., Inc. *v.*
Geriatric & Medical Centers, Inc.
et al., Appellants.

Argued January 13, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Victor Wright,* with him *Fox, Rothschild, O'Brien & Frankel,* for appellants.

*Oscar Spivack,* with him *Irving Mazer,* for appellees.

OPINION BY MR. JUSTICE MANDERINO, January 19, 1973:

This appeal challenges (1) service of process upon the appellants, a parent corporation and three wholly-owned subsidiary corporations, who were defendants in a suit in equity in the trial court, and (2) venue as to only the three subsidiary corporations. Geriatric & Medical Centers, Inc. (Geriatric) is the parent corporation. The subsidiary corporations are Laurelview Convalescent Center (Convalescent), Laurelview Equipment Company (Equipment) and Springdale Associates, Inc. (Springdale). A fourth subsidiary corporation, R & H Guarantee Corporation, was also a defendant in the lower court but did not take an appeal and is, therefore, not before us.

The appellees are Delaware Valley Surgical Supply Co., Inc. (Delaware) and A. Weinfeld & Son, Inc. (Weinfeld). Their suit in equity sought to recover payments for merchandise supplied to two of the sub-

sidiaries and requested various equitable relief claiming that the appellant corporations engaged in a scheme to defraud creditors, including the appellees.

Appellants filed preliminary objections challenging the service of the process as to all appellants and venue in Philadelphia County as to the three subsidiary corporations. The trial court overruled the preliminary objections, but directed that depositions be taken under Rule 1028(c) of the Pennsylvania Rules of Civil Procedure, and granted the appellants the right to re-file their objections after the taking of depositions.

Depositions were taken by the appellants but not by the appellees. The trial court subsequently overruled appellants' challenge to service of process and venue.

We hold that the service of process was proper as to the parent corporation under Rule 2180(a)(2) of the Pennsylvania Rules of Civil Procedure but not as to the three subsidiary corporations. In view of our holding, there is no need to consider whether venue as to the three subsidiaries was proper.

The parent corporation, Geriatric, is a Delaware Corporation registered to do business in Pennsylvania. The three subsidiary corporations are New Jersey corporations which are not registered to do business in Pennsylvania. The subsidiary corporations are involved with a nursing home located in New Jersey. One of the subsidiaries, Convalescent, operates the New Jersey nursing home. Another of the subsidiaries, Equipment, owns the personal property, equipment and fixtures used by Convalescent in the operation of its nursing home. The third subsidiary corporation, Springdale, owns the real estate in New Jersey upon which the nursing home is located. The parent corporation, Geriatric, admittedly conducts business in Pennsylvania where it is registered. It is also admitted that the three

subsidiaries maintain bank accounts in Philadelphia, Pennsylvania.

Herman Winderman was an officer in all four of the appellant corporations. He served as chairman of the board of Geriatric, as president of Springdale and as vice president of Convalescent and Equipment. Winderman was also an attorney who maintained a law office at 1526 Lombard Street.

Winderman was not personally served and no claim is made that proper service was effected under Rule 2180(a)(1) of the Pennsylvania Rules of Civil Procedure. Service of process as to all four appellant corporations was purportedly made pursuant to Rule 2180 (a)(2) of the Pennsylvania Rules of Civil Procedure. That Rule provides for service of process upon ". . . an agent or person for the time being in charge of, and only at, any office or usual place of business of the corporation. . . ." Copies of the complaint were served on a person in charge of an office at 1526 Lombard Street, Philadelphia, Pennsylvania. Appellants, however, claim that 1526 Lombard Street was not the office of any of the appellant corporations and, therefore, no valid service was effected as to any of the appellants. That address, according to the appellants, was the office of a subsidiary corporation not a party to the lawsuit.

As to the parent corporation, we hold that service of process was valid because an office of the corporation was maintained at 1526 Lombard Street. Winderman, who was the chairman of the board of the parent corporation, admitted that he occasionally maintained an office at the Lombard Street address *in his capacity as chairman of the parent corporation.* He stated that he maintained this office because it was in the center of the city and he had occasion to use it from time to time. He also admitted that he received mail at that address. These facts are sufficient to establish that the

Lombard Street address was ". . . any office or usual place of business . . ." of the parent corporation and, thus, the sheriff's service upon a person in charge of that office was adequate service upon the parent corporation.

Appellees contend that the service of process which took place at the Lombard Street address was also adequate to serve as proper process for the three subsidiary corporations. The facts, however, do not sustain the appellees. The three subsidiary corporations were all New Jersey corporations, none of which was registered to do business in Pennsylvania. Service of process at the Lombard Street address could only be valid as to these subsidiary corporations if that address was an ". . . office or usual place of business . . ." of the subsidiaries under Rule 2180(a)(2). There is nothing in the record to so indicate. Winderman, who admitted maintaining an office at that address as *chairman of the board of the parent corporation,* made no such admission as to his work for the three subsidiary corporations.

The three subsidiary corporations all relate to the nursing home which is located in New Jersey. Although all three of these subsidiary corporations maintained bank accounts in Philadelphia, this does not establish that they maintained an office at the Lombard Street address. Such activity may provide the due process basis for jurisdiction over the subsidiary corporations, but that jurisdiction cannot attach without proper service of process in accordance with Rule 2180(a)(2).

Winderman was an officer of two of the subsidiary corporations, but there is nothing in the record to indicate that any of the business of the three subsidiary corporations was conducted at the Lombard Street address. Winderman stated that he signed the checks for the three subsidiary corporations, but that these were

always prepared and signed in New Jersey when he made his regular visits to the Laurelview Convalescent Center. Winderman did make deposits for the three subsidiary corporations in bank accounts in Philadelphia, but he denied that any work took place at the Lombard Street address. The appellees did not contradict any of Winderman's testimony concerning Winderman's activities in relation to the three subsidiary corporations.

Since the record does not establish that the Lombard Street address was used by any of the three subsidiary corporations, service of process at that address was not adequate service as to the subsidiaries.

Nor can it be said in this case that the subsidiary corporations were merely the alter ego of the parent corporation and that the separate corporation entities were only paper work. The three subsidiaries were involved separately and distinctly in the New Jersey nursing home and these corporations existed prior to their acquisition by the parent corporation. The parent corporation also had other subsidiary corporations which operated other homes.

The order of the lower court overruling the preliminary objection as to the parent corporation, Geriatric & Medical Centers, Inc., is affirmed. This service of process was valid and there was no objection to venue. This matter should proceed accordingly.

The lower court's order overruling the preliminary objections as to the three subsidiary corporations, Laurelview Convalescent Center, Laurelview Equipment Company and Springdale Associates, Inc., is reversed. The preliminary objections as to these three subsidiary corporations should have been sustained for lack of proper service of process.