J-S13035-22

2022 PA Super 90

| PENN NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, A/S/O DENNIS SHENBERGER | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : : : | |
| BAILEY PHILLIPS | : : | No. 1480 MDA 2021 |
| Appellant | : | |

Appeal from the Order Entered October 14, 2021
In the Court of Common Pleas of Franklin County Civil Division at No(s):
2021-2204

BEFORE:   STABILE, J., KING, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                           **FILED MAY 17, 2022**

Appellant Bailey Phillips ("Mr. Phillips") appeals from the October 14, 2021, order entered in the Court of Common Pleas of Franklin County, which denied Mr. Phillips' petition to strike or open the default judgment entered against him and in favor of Appellees Penn National Mutual Casualty Insurance Company ("Penn National"), A/S/O Dennis Shenberger ("Mr. Shenberger"). After a careful review, we reverse and remand for further proceedings.

The relevant facts and procedural history are as follows: On July 19, 2021, Appellees filed a complaint against Mr. Phillips and averred he resides at "1308 Summer Lake Drive, SW, Concord, North Carolina 28025." Complaint, filed 7/19/21, at ¶ 2.  Appellees alleged that, on September 22,

_____

* Former Justice specially assigned to the Superior Court.

2020, Mr. Shenberger was driving his vehicle, which was insured by Penn National, on State Route 416 in Montgomery Township when Mr. Phillips suddenly turned his vehicle into the path of Mr. Shenberger's vehicle. Appellees averred the vehicles collided due to Mr. Phillips' excessive rate of speed, failure to yield the right of way to Mr. Shenberger's vehicle, and failure to observe the presence of Mr. Shenberger's vehicle. Appellees contended Mr. Shenberger's vehicle was "totaled" in the accident.

Appellees alleged they made a demand upon Mr. Phillips, who refused to acknowledge responsibility for the accident. Thus, Penn National, which paid for Mr. Shenberger's loss under the insurance policy, pursued this action in subrogation against Mr. Phillips. Appellees averred the accident resulted solely due to Mr. Phillips' negligent operation of his motor vehicle, and they demanded judgment against Mr. Phillips in the amount of $26,804.59, plus costs.

On August 3, 2021, Appellees filed an "Affidavit of Service by Mail Pursuant to Pa.R.C.P. 1930.4." In the affidavit, Appellees' counsel indicated he sent Mr. Phillips a copy of Appellees' complaint via certified mail return receipt requested to "1308 Summer Lake Drive, SW, Concord, NH 28025." Appellees' counsel attached to the affidavit the U.S. Postal Service Certified Mail Receipt, which indicates the complaint was mailed on July 21, 2021, to "Bailey Phillips, 1308 Summer Lake Drive, SW, Concord, NC 28025."

Further, Appellees' counsel attached to the affidavit U.S. Postal Form 3811, which reveals the date of delivery of the certified mail was July 28, 2021. The form contains the address "Bailey Phillips, 1308 Summer Lake Drive, SW, Concord, NC 28025." The signature of the person who signed for the certified mail is not legible, and the phrase "Covid-19" is handwritten next to the signature. The box "agent" is marked next to the signature line.

After receiving no response from Mr. Phillips, on September 7, 2021, Appellees filed a "Praecipe to Enter Judgment by Default," wherein Appellees indicated:

> Please enter judgment by default as to Defendant Bailey Phillips, for failure to respond to the Complaint, in the amount of $26,804.59, with costs of suit. [Counsel has] attached a copy of the 10 Day Notice of Default dated August 19, 2021, as well as the Affidavit of Service dated August 3, 2021.[1]

Praecipe to Enter Judgment by Default, filed 9/7/21 (footnote added).

Although Appellees averred that they attached the ten-day notice to the praecipe to enter default judgment, the ten-day notice was not attached or otherwise included in the record prior to the entry of the default judgment. Moreover, Appellees did not attach to the praecipe to enter default judgment, or otherwise include in the record prior to the entry of the default judgment, any certification that a written notice of intention to file the praecipe was mailed or delivered to Mr. Phillips.

---

[1] The August 3, 2021, affidavit of service pertains to the service of the complaint and provides no information as to the service of the ten-day notice.

- 3 -

On September 7, 2021, the trial court entered default judgment against Mr. Phillips. On September 17, 2021, counsel entered an appearance on behalf of Mr. Phillips, and, on that same date, he filed a petition to strike or open the default judgment.

Therein, counsel noted Mr. Phillips' vehicle was insured with GEICO Insurance, Company ("GEICO"), and the insurance policy provides that Mr. Phillips' address is "5421 Buchanan Trail W., Greencastle, PA 17725."[2] Petition, filed 9/17/21, at ¶ 9. Counsel indicated GEICO "has retained the services of a private investigator to determine whether [Mr. Phillips] actually resides at the Buchanan Trail address as indicated in the policy documents."[3] *Id.* at ¶ 23.

Additionally, in the petition to strike or open, counsel averred that, since the ten-day notice was not filed with the trial court, "it is unclear if it was properly served upon the Defendant." *Id.* at ¶ 5. He noted that, in the affidavit of service of the complaint, Appellees' counsel attested he served the complaint on Mr. Phillips in "NH," which is the abbreviation for New Hampshire; however, the U.S. Postal Service Certified Mail Receipt and U.S.

_____

[2] Counsel attached to the petition a copy of Mr. Phillips' automobile insurance policy with GEICO.

[3] GEICO is not a party to this case, and it is unclear how GEICO received notice of this matter. Counsel indicated in the petition that he did not have an opportunity to confer with Mr. Phillips.

- 4 -

Postal Form 3811 reveal the complaint was mailed to "NC," which is the abbreviation for North Carolina. Moreover, he noted the signature line for the person receiving the certified mail is not legible and contains the phrase "Covid-19."

Based on the aforementioned, counsel, on behalf of Mr. Phillips, contended the record contains a fatal defect as to whether Mr. Phillips was properly served with original process or the ten-day notice, and thus, the default judgment is void and should be stricken. He also contended he met the prongs for opening the judgment under Pa.R.C.P. 237.3 since the petition was promptly filed, Mr. Phillips has a meritorious defense, and, due to the confusion regarding service, there is a reasonable excuse for Mr. Phillips failing to file a responsive pleading. Additionally, on September 17, 2021, counsel filed an answer with new matter to Appellees' complaint.[4]

On September 29, 2021, the trial court filed an order for Appellees to show cause why Mr. Phillips is not entitled to the relief requested, and on October 4, 2021, Appellees filed a response to the petition to strike or open the default judgment. Therein, Appellees asserted:

> The copy of the 10 Day Notice that had been sent to Mr. Phillips was attached to the original documents sent to the Prothonotary. If they are unattached to the document as entered of record on September 7, 2021, it is because of clerical oversight.

---

[4] The majority of the answers indicate: "After reasonable investigation, the Defendant has insufficient information as to the truth or falsity of said averments, therefore said averments are denied and strict proof is demanded at the time of trial." Answer, filed 9/17/21, ¶¶ 1, 3-10, 13-14.

The Court staff had requested a revised Praecipe that was sent on September 3, 2021.

Appellees' Response, filed 10/4/21, at ¶ 5 (citation to record omitted).

Appellees attached a copy of the ten-day notice, as well as the certificate of service, to their response to the petition to strike or open.

Regarding original process, Appellees indicated there was a typographical error in the August 3, 2021, affidavit of service, which was filed in the trial court, regarding the abbreviation for the state where Mr. Phillips resides. However, Appellees noted the U.S. postal forms correctly reveal the complaint was served via certified mail return receipt requested to Concord, North Carolina, which is where Mr. Phillips resides. Further, Appellees noted there is no reason to believe that either Mr. Phillips, or someone authorized to do so, did not sign for the certified mail since it was mailed to Mr. Phillips' residence.

Moreover, Appellees averred that, since counsel was apparently retained by GEICO, and not Mr. Phillips, and counsel has not communicated with Mr. Phillips regarding the instant matter, there is no basis to conclude Mr. Phillips was not served with the complaint, ten-day notice, or default judgment. Also, Appellees argued there is no basis to conclude Mr. Phillips has a meritorious defense for purposes of opening the default judgment since the petition has been filed based on speculation by GEICO.

On October 4, 2021, counsel filed on behalf of Mr. Phillips a supplemental petition to strike or open the default judgment. Therein, counsel

addressed Appellees' supplementation of the record with a copy of the ten-day notice. Specifically, counsel averred the ten-day notice is defective since it directed the plaintiff to the Pennsylvania Lawyer Referral Service in Harrisburg, Pennsylvania, for assistance as opposed to the Franklin County Bar Association's Find a Lawyer Service in Chambersburg, Pennsylvania.

Further, counsel contended the ten-day notice did not substantially comply with the form as set forth in Pa.R.C.P. 237.5. In this regard, he argued the notice contained general language as opposed to specific language required by Pa.R.C.P. 237.5 as to the reasons Mr. Phillips was allegedly in default.

On October 5, 2021, Appellees filed a response to the supplemental petition to strike or open the default judgment. Therein, they averred the ten-day notice contains the necessary information as provided for under Pa.R.C.P. 237.5, and there are no defects in the ten-day notice.

By order entered on October 14, 2021, the trial court denied Mr. Phillips' petition to strike or open the default judgment. On November 10, 2021, counsel filed a timely notice of appeal on behalf of Mr. Phillips, and on November 12, 2021, the trial court directed Mr. Phillips to file a Pa.R.A.P. 1925(b) statement. On November 30, 2021, Mr. Phillips filed a Rule 1925(b)

statement, and the trial court filed a Rule 1925(a) opinion[5] on January 10, 2022.

On appeal, Mr. Phillips sets forth the following issue in his "Statement of the Questions Involved" (verbatim):

> Did the trial court error [*sic*] when it denied Appellant's Petition to Strike Judgment when a fatal defect existed, on the face of the record, at the time the judgment was entered?

Mr. Phillips' Brief at 3.

On appeal, Mr. Phillips presents challenges solely to the trial court's denial of his petition to strike.[6] Relevantly, this Court has held:

> "An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure." ***Green Acres Rehabilitation and Nursing Center v. Sullivan***, 113 A.3d 1261, 1267 (Pa.Super. 2015).

_____

[5] The trial court suggested that Mr. Phillips' failure to verify the petition, as well as the supplemental petition, to strike or open the default judgment required the denial of the petition. The Pennsylvania Rules of Civil Procedure provide that "[a] petition or an answer containing an allegation of fact which does not appear of record shall be verified." Pa.R.C.P. 206.3. However, this Court has held verification under Rule 206.3 is not needed for allegations of fact that appear in the record or for conclusions of law. ***Penn-Delco School District v. Bell-Atlantic-PA, Inc.***, 745 A.2d 14 (Pa.Super. 1998). We have also concluded that any unverified allegations of fact that are set forth in the petition do not amount to a material defect. ***Id.*** Here, the allegations that form the basis for Mr. Phillips' petition to strike are allegations of fact that appear in the record or are conclusions of law, and thus, consistent with ***Penn-Delco School District***, the allegations do not require a Rule 206.3 verification. To the extent there are any unverified allegation of facts in the petition and supplemental petition, the inclusion thereof does not amount to a material defect.

[6] A petition to open a default judgment and a petition to strike a default judgment seek distinct remedies and are generally not interchangeable. ***Stauffer v. Hevener***, 881 A.2d 868, 870 (Pa.Super. 2005).

Issues regarding the operation of procedural rules of court present us with questions of law. Therefore, our standard of review is *de novo* and our scope of review is plenary.

A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. [A] petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void *ab initio.* When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a [default] judgment, a court may only look at what was in the record when the judgment was entered.

*Bank of New York Mellon v. Johnson*, 121 A.3d 1056, 1059-60 (Pa.Super. 2015) (quotation omitted). *See Oswald v. WB Public Square Associates, LLC*, 80 A.3d 790 (Pa.Super. 2013); *Continental Bank v. Rapp*, 485 A.2d 480, 483 (Pa.Super. 1984) ("The standard for 'defects' asks whether the procedures mandated by law for the taking of default judgments have been followed.") (citation omitted)).

Mr. Phillips first contends the record reveals a fatal defect as to the affidavit/return of service of the complaint. In this vein, he notes there is a discrepancy between the affidavit of service, which indicates the complaint was served in "NH," and the U.S. postal forms, which reveal the complaint was served in "NC." Specifically, he alleges:

The record, on its face, indicates Appellees never accomplished proper service of the Complaint as averred in the Affidavit of Service…since there were significant discrepancies regarding Mr. Phillips's address[.] Counsel for Appellees attested in the Affidavit of Service that [Mr.] Phillips was served with a copy of the Complaint to a New Hampshire address while the Certified Mail Return Receipt is addressed to a North Carolina address.

Mr. Phillips' Brief at 7-8.

It is well-settled that:

Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed. Without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against [the defendant].

Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action....However, the absence of or a defect in a return of service does not necessarily divest a court of jurisdiction of a defendant who was properly served. [T]he fact of service is the important thing in determining jurisdiction and...proof of service may be defective or even lacking, but if the fact of service is established jurisdiction cannot be questioned.

***Cintas Corp. v. Lee's Cleaning Services, Inc.***, 549 Pa. 84, 700 A.2d 915, 917-18 (1997) (citations and quotation marks omitted).

Regarding service of original process outside of this Commonwealth, this Court has relevantly held the following:

Service of original process upon an out-of-state defendant is governed by Pa.R.C.P. 403-405. Rule 404 provides in pertinent part: "Original process shall be served outside the Commonwealth within ninety days of the issuance of the writ or the filing of the complaint or the reissuance or the reinstatement thereof...(2) by mail in the manner provided by Rule 403." Pa.R.C.P. 404. Rule 405(c) provides that service of process by mail under Rule 403 "shall include a return receipt signed by the defendant." Pa.R.C.P. 405. Rule 403 directs that "a copy of the process shall be mailed

to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail." Pa.R.C.P. 403. Nonetheless, Pa.R.C.P. 126 provides that the Rules of Civil Procedure "shall be liberally construed" and that courts "at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. 126.

**Sawyers v. Davis**, 222 A.3d 1, 5-6 (Pa.Super. 2019).

In the case *sub judice*, the record on its face reveals that Appellees sent the complaint to Mr. Phillips via certified mail return receipt requested in compliance with Pa.R.C.P. 403 and 404. **See Sawyers**, **supra**. The postal forms confirm the complaint was mailed to Mr. Phillips at his North Carolina address. This is the same address listed in the complaint for Mr. Phillips' residence.[7]

Further, U.S. Postal Form 3811 confirms the date of delivery of the certified mail was July 28, 2021, and it was signed by a person who indicated

_____

[7] Mr. Phillips makes no averment on appeal that, at the time the complaint was served, he was not residing at the North Carolina address. Rather, counsel, on behalf of Mr. Phillips, points to the discrepancy between the affidavit of service and the certified mail forms regarding the abbreviation of the state, and he suggests the discrepancy, in and of itself, requires the striking of the default judgment. In any event, we note a petition to strike operates as a demurrer, which admits all well-pleaded facts for the purpose of testing conclusions of law drawn from those facts. **Lumax Industries, Inc. v. Aultman**, 543 Pa. 38, 669 A.2d 893 (1995). Here, as indicated *supra*, Appellees pled in the complaint that Mr. Phillips "reside[s] at 1308 Summer Lake Drive, SW, Concord, North Carolina 28025." Complaint, filed 7/19/21, at ¶ 2.

he or she was "the agent" of Mr. Phillips.[8]  ***See id.*** Thus, as "[s]ervice is complete upon delivery of the mail[,]" ***id.*** at 6, we disagree with Mr. Phillips' assertion that there is a fatal defect in the record regarding personal jurisdiction.

Although Appellees' counsel's affidavit of service contained a "defect" regarding the abbreviation of the state where Mr. Phillips was served, this does not require a different conclusion.  As indicated *supra*, "the absence of or a defect in a return of service does not necessarily divest a court of jurisdiction of a defendant who was properly served. [T]he fact of service is the important thing in determining jurisdiction[.]" ***Cintas Corp.***, ***supra***, 700 A.2d at 917-18.  Here, the record reveals proper service of original process, and, therefore, we conclude the trial court properly denied Mr. Phillips' petition to strike on this basis. ***See Anzalone v. Vormack***, 718 A.2d 1246, 1248

---

[8] To the extent Mr. Phillips contends the person who signed for the certified mail was not his agent, despite marking the box indicating he or she was his agent, we note the trial court was unable to consider the argument in the context of a motion to strike the default judgment.  ***See Digital Communications Warehouse, Inc. v. Allen Investments, LLC***, 223 A.3d 278 (Pa.Super. 2019) (holding trial court was unable to consider the appellant's argument that the person upon whom the complaint was served was not an authorized agent in the context of a motion to strike as such evidence was outside the record). ***See also Pincus v. Mutual Assur. Co.***, 457 Pa. 94, 321 A.2d 906, 910 (1974) (indicating that even where a return of service fails to specifically identify by name the person served, that failure alone does not necessarily invalidate the service).  Moreover, to the extent Mr. Phillips suggests the trial court should have looked beyond the record to determine why his agent wrote "Covid-19" next to his or her signature, we note the trial court was unable to consider the argument in the context of a motion to strike the default judgment. ***See id.***

(Pa.Super. 1998) (holding that whether process was delivered to the appropriate person and place under the Rules of Civil Procedure is dispositive on the issue of whether service was sufficient to invoke the trial court's jurisdiction, notwithstanding defects in the affidavit of service).

Mr. Phillips next contends Appellees' ten-day notice of intent to take default judgment is defective. He argues Appellees did not comply with either Pa.R.C.P. 237.1 or 237.5. This issue raises a question of law, and, therefore, "our standard of review is *de novo*, and our scope of review is plenary." **Oswald**, 80 A.3d at 793 (citation omitted).

Mr. Phillips' argument focuses on the interplay between Pennsylvania Rules of Civil Procedure 237.1 and 237.5. Rule 237.1 requires a plaintiff to provide a defendant with at least ten days prior notice of his intent to enter a default judgment. The Rule relevantly provides:

> **Rule 237.1 Notice of Praecipe for Entry of Judgment of Non Pros for Failure to File Complaint or by Default for Failure to Plead**
>
> ***
>
> (2) No judgment of non pros for failure to file a complaint or by default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered
>
> ***
>
> > (ii) in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any.

The ten-day notice period in subdivision (a)(2)(i) and (ii) shall be calculated forward from the date of the mailing or delivery, in accordance with Rule 106.

(3) A copy of the notice shall be attached to the praecipe.

(4) The notice and certification required by this rule may not be waived.

*Note:* A certification of notice is a prerequisite in all cases to the entry by praecipe of a judgment of non pros for failure to file a complaint or by default for failure to plead to a complaint. Once the ten-day notice has been given, no further notice is required by the rule even if the time to file the complaint or to plead to the complaint has been extended by agreement.

See Rule 237.4 for the form of the notice of intention to enter a judgment of non pros and Rule 237.5 for the form of the notice of intention to enter a judgment by default.

Pa.R.C.P. 237.1(a)(2)(ii), (3), (4) (emphasis in original).

The Explanatory Comment to Rule 237.1 provides, in relevant part:

The rule continues the practice of entering judgment by the filing of a praecipe with the prothonotary. Two additional requirements are imposed. First, the praecipe must contain a certification that notice was given in accordance with the rule. Second, a copy of the notice must be attached to the praecipe.

*Id.*, Explanatory Cmt. (1994).

The purpose of this rule is to ensure that default judgments are not entered without a defendant's prior knowledge, and to provide the defaulting party with an opportunity to cure the defect prior to the entry of default judgment. *Green Acres Rehabilitation and Nursing Center*, 113 A.3d at 1271-72. "A record that reflects a failure to comply with Rule 237.1 is facially defective and cannot support a default judgment." *Erie Ins. Co. v. Bullard*, 839 A.2d 383, 387 (Pa.Super. 2003).

- 14 -

In interpreting Rule 237.1, this Court has relevantly held:

"Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Pa.R.C.P. 127(b). As set forth above, Pa.R.C.P. 237.1 provides…that a plaintiff seeking the entry of default judgment must file a praecipe and include with the praecipe "a certification that a written notice of intention to file the praecipe was mailed or delivered…after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe[.]" Pa.R.C.P. 237.1(2)(ii). The only other requirement contained in this Rule is that "[a] copy of the notice shall be attached to the praecipe." Pa.R.C.P. 237.1(3). The language of this Rule is clear and unambiguous. Rule 237.1…requires that [the notice] be attached to the praecipe for default judgment at the time the praecipe is filed.

*Keller v. Mey*, 67 A.3d 1, 5 (Pa.Super. 2013).

In the case *sub judice*, although Appellees suggest it was a "clerical oversight," the record reveals Appellees failed to attach to the praecipe to enter judgment either the ten-day notice or a certification that they sent written notice of their intention to file a praecipe for default judgment.[9] Thus, Appellees did not comply with Rule 237.1 in this regard. *See id.* at 4 ("With regard to a motion to strike a default judgment, [a] court may only look at the facts of record at the time judgment was entered to decide if the record supports the judgment."). The trial court recognized as much in its Rule 1925(a) opinion. *See* Trial Court Opinion, filed 1/10/22, at 4 ("The record

---

[9] As indicated *supra*, the only reference to the ten-day notice was Appellees' counsel's averment in the praecipe to enter default judgment that "I attach a copy of the 10 Day Notice of Default dated August 19, 2021[.]" Praecipe to Enter Judgment by Default, filed 9/7/21.

- 15 -

indicates that [Appellees] filed a Praecipe to Enter Judgment by Default on September 7, 2021, and while the Praecipe claims to have a copy of the Ten-Day Important Notice attached, there is no such notice in the filing.  This lack of filing does not conform to Pa.R.C.P. 237.1") (emphasis omitted)).

Moreover, Mr. Phillips avers that, even if the trial court was permitted to consider the ten-day notice and certification, which were filed as attachments to Appellees' response to the petition to strike or open, the ten-day notice does not substantially comply with the language set forth in Rule 237.5.  Thus, he avers the ten-day notice is defective on its face.

Rule 237.1 operates in tandem with Rule 237.5. The ten-day notice must "substantially" comply with the language set forth in Rule 237.5 in order to meet the mandates of Rule 237.1.  **See Oswald**, **supra**. Relevantly, Rule 237.5 provides that the notice must advise the defaulting party: "You are in default because you have failed to enter a written appearance personally or by attorney and file in writing with the court your defenses or objections to the claims set forth against you."  Pa.R.C.P. 237.5.

In the case *sub judice*, Appellees' ten-day notice of default relevantly provided: "You are in default because you have failed to plead to the Complaint filed in the above-captioned matter."  Citing to **Oswald**, **supra**, Mr. Phillips asserts the language provided in Appellees' ten-day notice is defective and does not substantially comply with the language of Rule 237.5.

In ***Oswald***, ***supra***, the plaintiff initiated an action against the defendant by filing a complaint with proper service. After the defendant failed to respond to the complaint, the plaintiff sent the defendant notice of her intention to file a praecipe for default judgment. The default judgment notice provided in ***Oswald*** stated, in relevant part, "You are in default because you have failed to take action required of you in this case." ***Id.*** at 796 (emphasis omitted). This Court found that this language was "deficient" since the notice failed to state "specific reasons why the defendant is in default." ***Id.*** (quoting ***City of Philadelphia v. David J. Lane Advertising, Inc.***, 33 A.3d 674, 679 (Pa.Cmwlth. 2011)). Thus, this Court concluded the notice of default judgment rendered the notice "defective on its face," as the document was "not 'substantially' in the form required by Rule 237.5." ***Oswald***, 80 A.3d at 796.

In so holding, this Court adopted the reasoning of the Commonwealth Court in ***David J. Lane Advertising***, ***Inc.***, wherein the court explained:

> The general "failed to take action required of you in this case" language is consistent with the version of the form in Rule 237.5 predating a 1994 amendment (Old Form Notice). In the 1994 amendment, which became effective on July 1, 1995, the Supreme Court chose to remove this general language in the Old Form Notice and to substitute the more specific language in the current form—"failed to enter a written appearance personally or by attorney and file in writing with the court your defenses or objections to the claims set forth against you." Indeed, it appears from the explanatory comment to the rule that the specific purpose of the 1994 amendment was to add this more specific language to the form. The explanatory comment notes that the purpose of the modification is to track the language set forth in Pa.R.C.P. [ ] 1018.1 for a notice to plead, which language expressly directs the defendant to defend by entering an appearance (either personally or by attorney) and by filing with

- 17 -

the court in writing defenses or objections to the claims in the complaint. The comment to Rule 237.5 further provides: "Since the notice will in many cases be sent to an as yet unrepresented defendant, repetition of the notice to defend, in modified form helps to stimulate action and stem the tide of petitions to open default judgments."

In adopting the revision to the form, then, the Pennsylvania Supreme Court determined that before entering judgment by default (which is no insignificant matter), it was important to notify a defendant specifically what it failed to do (*i.e.*, why it was in default) by tracking the language in the earlier-issued notice to defend. Rather than informing a defendant that he merely "failed to take action required by you in this case," a more specific notice of why the defendant was in default that tracks the earlier notice to defend serves as a reminder to the defendant in many cases unrepresented at that point, of the defendant's specific pleading obligations.

*Id.* at 678–79 (internal citations and emphasis omitted).

In light of the aforementioned, we agree with Mr. Phillips that the ten-day notice was defective. "[T]he ten-day notice…was defective on its face because it did not use [or substantially comply with] the required language set forth in Rule 237.5." ***Rooks v. Walker***, 268 A.3d 447, *3 (Pa.Super. 2021) (unpublished memorandum).[10] On its face, then, the notice violated Rule 237.1(a)(2).

Thus, the Prothonotary was not authorized to enter the default judgment, and the judgment against Mr. Phillips was void *ab initio*. ***See id.***

_____

[10] ***See*** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

Accordingly, we conclude the trial court should have granted the petition to strike the default judgment.[11] We, therefore, reverse the order denying the petition to strike and remand for further proceedings.

Order reversed; case remanded; jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/17/2022

---

[11] Given our disposition, we need not address any remaining issues.