J-A01017-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHLOE DAVIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JIM LIPPMAN, | : | |
| CEO/CHAIRMAN/FOUNDER A/K/A JRK | : | |
| PROPERTY HOLDINGS, INC. D/B/A | : | No. 1483 EDA 2022 |
| APEX MANAYUNK D/B/A VENICE | : | |
| LOFTS | : | |
| | : | |
| Appellant | : | |

Appeal from the Order Entered May 4, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  220301004

BEFORE:  LAZARUS, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED MARCH 7, 2023**

Appellant Jim Lippman[1] appeals from the order of the Philadelphia County Court of Common Pleas denying his petition to open and/or strike a default judgment entered by the Philadelphia Municipal Court.  We reverse the Common Pleas Court's order denying Appellant's petition, vacate the default

_____

[1] In its Rule 1925(a) opinion, the Court of Common Pleas refers to two appellants in this matter: Jim Lippman and Venice Lofts.  **See** Rule 1925(a) Op., 8/16/22, at 2-8.  Further, the notice of appeal refers to "Defendants, Jim Lippman, CEO/Chairman/Founder aka/dba JRK Property Holdings, Inc. dba Apex Manayunk dba Venice Lofts."  **See** Notice of Appeal, 6/2/22.  However, Appellant's brief refers only to a single appellant, and does not specify whether that appellant is Mr. Lippman or Venice Lofts.  **See** Appellant's Brief at 13-14. For consistency, we refer to Appellant in the singular.  We refer to Lippman and Venice Lofts separately as necessary.

judgment order and remand for further proceedings before the Common Pleas Court.

The Court of Common Pleas summarized the factual and procedural history of this matter as follows:

> In this action originally commenced in the Municipal Court, [Appellee] Chloe Davis alleged that the apartment she rented, along with her husband and newborn child, at the Venice Lofts apartment complex in Philadelphia, was contaminated with mold.[FN1]     [Appellee] named as Defendant Jim Lippman CEO/Chairman/Founder aka/dba JRK Property Holdings, Inc. dba Apex Manayunk dba Venice Lofts. . . .
>
>> [FN1] [Appellee's] husband, Zayd Babb-Alibey, filed his own, identical action.  That case is docketed as March Term 2022 No. 1003.  The 1925(a) opinions in both cases are being filed contemporaneously and are identical, save for the identity of the [respective] plaintiff.
>
> *     *     *
>
> [Appellee] initiated this matter on September 14, 2021, in the Philadelphia Municipal Court.  [Appellee] alleged that Mr. Lippman and/or his agents negligently maintained the apartment, which led to the growth of mold that caused [Appellee] and her family to experience physical and mental injuries.  The filed copies of the case initiating documents in the Municipal Court bear the date, time and location of the trial, which was scheduled for December 28, 2021.
>
> [Appellee], through counsel, served Mr. Lippman with the case initiating documents.  The affidavit of service presented in Municipal Court indicates that on December 16, 2021, [Appellee's] counsel mailed the complaint via USPS "Priority Mail Express 1-Day" to Jim [Lippman] and JRK Propert[y] at 11766 Wilshire Boulevard in Los Angeles, California.  The affidavit included tracking information showing that the complaint was received on December 17, 2021, by Jessica Rice.
>
> At the call of the trial on December 28, 2021, Mr. Lippman failed to appear.  As a result, Municipal Court Judge Matthew Wolf entered default judgment in favor of [Appellee] and against Mr.

Lippman. Municipal Court Rule 120(b) provides that where a claimant appears, and a defendant fails to appear, and service was made at least 7 days prior to the trial, then the Municipal Court Judge shall enter default judgment in favor of the claimant (in this case, [Appellee]).

On January 31, 2022, Venice Lofts filed a petition to intervene and open the default judgment. Mr. Lippman, as the previously named defendant, joined in the petition to open.

At the conclusion of a hearing on February 28, 2022, Municipal Court Judge Greg O. Yorgey-Girdy issued an order denying the petition to open the default judgment.

Rule 1925(a) Op., 8/16/22, at 1-3 (some formatting altered).

We add that during the hearing before the Municipal Court, Appellant argued that Appellee had served the wrong party and that the proper defendant was the owner of the property: Venice Lofts d/b/a/ Apex Manayunk, which was located at 4601 Flat Rock Road in Philadelphia, Pennsylvania. N.T. Hr'g, 2/28/22, at 13, 17, 19. Appellant's counsel explained that "JRK Propert[y] is the parent company to multiple properties over the nation. . . . Venice Lofts is the subsidiary of JRK but there is no other connection, it is still a separate entity but JRK has no holding in the property [*i.e.*, the apartment complex] . . . ." *Id.* at 18-19. Appellee responded that Appellant was arguing that "the left hand doesn't know what the right hand is doing, . . . " *Id.* at 20. The Municipal Court then denied Appellant's petition to open the judgment. *Id.*; *see also* Phila. Mun. Ct. Order, 2/28/22.

Subsequently, Appellant filed a timely appeal to the Court of Common Pleas. Appellant also filed a petition to open and/or strike the default

judgment with that court. Appellee filed an answer to Appellant's petition and a supporting memorandum of law.

The Court of Common Pleas denied Appellant's appeal from the Municipal Court seeking to open and/or strike the default judgment on May 4, 2022.[2] Appellant filed a timely notice of appeal to this Court and a court-ordered Pa.R.A.P. 1925(b) statement. The Court of Common Pleas filed a Rule 1925(a) opinion concluding that Appellant waived all of his issues. *See* Rule 1925(a) Op. at 5-6, 8-9. In the alternative, the Court of Common Pleas concluded that that the Municipal Court did not abuse its discretion in denying Appellant's petition to open the default judgment. *See id.* at 6-8.

Appellant raises the following issues:

1. Did the Court [of Common Pleas] err as a matter of law and abuse its discretion when it failed to properly apply Pa.R.C.P. 403 as [Appellee] did not serve complaint within 90 days after the action was commenced?

2. Did the Court [of Common Pleas] err as a matter of law and abuse its discretion in failing to find that the default judgment against Jim Lippman who is not alleged to be the owner of the property and not a party to the lease agreement is defective?

Appellant's Brief at 4 (formatting altered).

---

[2] The Court of Common Pleas' order is dated May 3, 2022, but notice of that order was sent to the parties on May 4, 2022. *See* Pa.R.A.P. 108(b); Pa.R.C.P. 236(b). We have amended the caption accordingly.

**Waiver**

Initially, we address the Court of Common Pleas' conclusion that Appellant waived all of his claims on appeal.  ***See*** Rule 1925(a) Op. at 5-6, 8-9.  "The issue of waiver presents a question of law, and, as such, our standard of review is *de novo* and our scope of review is plenary."  ***Trigg v. Children's Hosp. of Pittsburgh of UPMC***, 229 A.3d 260, 269 (Pa. 2020) (citation omitted).

Rule of Appellate Procedure 302 states, in relevant part, that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."  Pa.R.A.P. 302(a); ***see also Steiner v. Markel***, 968 A.2d 1253, 1256 (Pa. 2009) (stating "an appellate court cannot reverse a trial court judgment on a basis that was not properly raised and preserved by the parties" (citations omitted)); ***Irwin Union Nat. Bank & Tr. Co. v. Famous***, 4 A.3d 1099, 1104 (Pa. Super. 2010) (stating that "[i]t is well settled that issues not raised below cannot be advanced for the first time in a 1925(b) statement or on appeal" (citations omitted)).

However, there are exceptions to this general rule, such as whether a default judgment was void, which can be raised at any time.  ***See Mother's Restaurant Inc. v. Krystkiewicz***, 861 A.2d 327, 337 (Pa. Super. 2004) (*en banc*) (explaining that generally pursuant to Rule 302(a), this Court "may not address any issues which an appellant has failed to raise in the trial court[,]" but with respect to a default judgment, "[t]he courts of this Commonwealth have long held that an individual may seek to strike a void judgment at any

time" (citations omitted)); **Green Acres Rehab. and Nursing Ctr. v. Sullivan**, 113 A.3d 1261, 1268 (Pa. Super. 2015) (**Green Acres**) (stating that "it is never too late to attack a judgment or decree for want of jurisdiction, as any such judgment or decree rendered by a court which lacks jurisdiction of the subject matter or the person is null and void, and can be attacked by the parties at any time" (citations omitted)).[3]

Additionally, we note that "[a] petition to strike a judgment and a petition to open a judgment are separate and distinct remedies and not interchangeable." **U.S. Bank Nat'l Ass'n for Pa. Hous. Fin. Agency v. Watters**, 163 A.3d 1019, 1027 (Pa. Super. 2017) (**Watters**) (citations omitted). "A petition to open a judgment seeks to re-open a case following a default judgment in order to assert a meritorious defense; a motion to strike a judgment is the remedy sought by one who complains of fatal irregularities appearing on the face of the record." **Id.** at 1027-28 (citations omitted and formatting altered). This Court has explained that although a defendant only

_____

[3] We note that generally, challenges to personal jurisdiction must be raised at the earliest opportunity, otherwise they are waived. **See, e.g.**, **Manack v. Sandlin**, 812 A.2d 676, 683 (Pa. Super. 2002). Further, "[a] defendant manifests an intent to submit to the court's jurisdiction when the defendant takes some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forego objection to the defective service." **Fleehr v. Mummert**, 857 A.2d 683, 685 (Pa. Super. 2004) (citation and quotation marks omitted). However, as discussed above, a defect in the service process deprives a court of jurisdiction to enter a default judgment, and this defect may be challenged at any time. **See, e.g.**, **Mother's Restaurant**, 861 A.2d at 337; **Green Acres**, 113 A.3d at 1267-68.

requested that a trial court open a default judgment, the defendant may argue for the first time on appeal that the default judgment should be stricken because of a fatal defect that appears on the face of the record. *See Grady v. Nelson*, 286 A.3d 259, 268 (Pa. Super. 2022).

Here, the Court of Common Pleas concluded:

The arguments set forth by [Appellant] have evolved over the course of this case, rendering an appropriate review nearly impossible. The sole issue [Appellant] raised in the written filing and in oral argument before [the Municipal Court] was that the default judgment should be opened because (i) Venice Loft Apartments was the only proper defendant as the landlord named on the lease, and (ii) Venice Loft Apartments should have been served at the physical apartment address in Philadelphia.

When [Appellant] from the Municipal Court to this court, this court's determination was therefore limited to whether . . . the Municipal Court judge, committed an error of law or abused his discretion in denying the petition to open.

The petition filed in this court, however, did not cite to the Municipal Court record or identify any error or law or abuse of discretion. Instead, [Appellant's] petition (i) simply reiterated the same arguments they made before [the Municipal Court]; and (ii) added new arguments, seeking to open or, for the first time, strike the default judgment, contending that (a) service by mail outside the Commonwealth was improper; and (b) service had to be made within 30 days after the action was commenced, or original process had to be reinstated.

On appeal to the Superior Court, [Appellant's] arguments have changed yet again. In [his] 1925(b) statement of matters complained of on appeal, [Appellant] now argue[s] that (i) the default judgment is void *ab initio* because original process was not served within 90 days as is required by Rule 404, (ii) that the default judgment was defective because [Appellee] did not prove that the person who signed for the complaint had the authority to accept service on behalf of Mr. Lippman; (iii) that the Municipal Court lacked the personal jurisdiction required to enter a default judgment against a California resident; and (iv) the default

judgment was defective because Mr. Lippman was not a party to the lease agreement between [Appellee] and Venice Lofts.

The court is frustrated by [Appellant's] ever evolving arguments. The legal process is not a series of "trial and error" steps, where a party can tweak previously unsuccessful arguments in the hope of convincing the next reviewing court. This court will endeavor to address all of the arguments that [Appellant] properly raised and preserved.

\*    \*    \*

Any issues [Appellant] did not present to the Municipal Court are waived and cannot be raised for the first time on appeal to the Court of Common Pleas. ***See ABG Promotions v. Parkway Pub., Inc.***, 834 A.2d 613, 619 (Pa. Super. 2003) [(*en banc*)] (citing Pa.R.A.P. 302). Similarly, [Appellant has] raised new versions of their arguments in [his] which this court did not have an opportunity to address. Any new argument is likewise waived on appeal to the Superior Court.

Rule 1925(a) Op. at 5-6, 8-9 (some citations omitted and formatting altered).

Based on our review of the record, we are constrained to disagree with the Court of Common Pleas. We understand the Court of Common Pleas' frustration with Appellant's evolving arguments over the course of these proceedings. However, as the Court of Common Pleas acknowledged in its Rule 1925(a) opinion, Appellant argues the default judgment is void *ab initio* because defective service deprived the Municipal Court of personal jurisdiction over Appellant. ***See id.*** at 6; ***see also*** Appellant's Rule 1925(b) Statement, 6/22/22, at 1-2 (unpaginated). Therefore, Appellant's claim implicates the Municipal Court's jurisdiction over this matter. ***See Penn Nat'l Mut. Cas. Ins. Co. v. Phillips***, 276 A.3d 268, 274 (Pa. Super. 2022) (***Phillips***). Accordingly, this claim cannot be waived and can be raised for the first time

on appeal. *See Mother's Restaurant*, 861 A.2d at 337; *Grady*, 286 A.3d at 268; *Green Acres*, 113 A.3d at 1268.

### Service of Process

Appellant's arguments are related, therefore we will discuss them together. Appellant argues that the Court of Common Pleas erred in failing to strike[4] the default judgment because service of the complaint was defective for several reasons. Appellant's Brief at 8-13. First, Appellant contends that Appellee failed to serve the complaint in a timely manner in accordance with Pa.R.C.P. 403 and 404. *Id.* at 8-9. Appellant asserts that the Court of Common Pleas' conclusion that Lippman conceded that he or his agent received the complaint is contradicted by the record. *Id.* at 9 (citing N.T. Hr'g, 2/28/22, at 19). Next, Appellant claims that Lippman was not properly served because the affidavit of service indicates it was made on JRK Property

---

[4] Appellant refers to "opening" the judgment several times in his brief. *See* Appellant's Brief at 12-13. Appellant also notes that he filed a petition to open and/or strike the default judgment with the Court of Common Pleas. *See id.* at 2, 6. As noted above, "[a] petition to strike a judgment and a petition to open a judgment are separate and distinct remedies and not interchangeable." *Watters*, 163 A.3d at 1027. Nevertheless, Appellant's arguments regarding defective service relates to fatal defects that appears on the face of the record, therefore, we discuss Appellant's issues in the context of a petition to strike. *See id.* at 1028; *see also Green Acres*, 113 A.3d at 1267.

Further, the Philadelphia County Local Rules of Civil Procedure and Philadelphia Municipal Court Rules of Civil Procedure do not provide for the filing of a petition to strike a default judgment in the Philadelphia Municipal Court and only mention the petitions to open default judgments. *See, e.g.*, Phila. Civ. R. *1001(a)(3) (referring to appeals to the Court of Common Pleas from Municipal Court orders denying a petition to open a default judgment).

Holdings, not Lippman as an individual. *Id.* at 10. Lastly, Appellant argues that Appellee failed to serve Venice Lofts, the owner of the apartment building where Appellee alleges her damages occurred. *Id.* at 10-12. Appellant notes the complaint was served at an address in Los Angeles, California, but Venice Lofts' business address is in Philadelphia. *Id.* at 10-11. Appellant concludes that because neither Lippman nor Venice Lofts were served with a copy of the complaint, service is defective, and proper service is a prerequisite for a court to acquire personal jurisdiction over a defendant. *Id.* at 11-12. Therefore, Appellant requests that we strike the default judgment, set aside Appellee's defective service, and remand this matter for Appellee to properly serve her complaint on Venice Lofts. *Id.* at 12-13.

Our standard of review regarding the denial of a petition to strike a default judgment is as follows:

> An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure. Issues regarding the operation of procedural rules of court present us with questions of law. Therefore, our standard of review is *de novo* and our scope of review is plenary.
>
> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record.

*Green Acres*, 113 A.3d at 1267 (citations omitted and formatting altered); *see also* Phila. Civ. R. *1001(a)(3) (stating that Philadelphia Municipal Court "[o]rders granting or denying a petition to open a default judgment . . . are

- 10 -

appealable to the Court of Common Pleas, but the appeal is limited to a review of the record").

It is well established that:

Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed. Without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against [the defendant].

Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action. However, the absence of or a defect in a return of service does not necessarily divest a court of jurisdiction of a defendant who was properly served. The fact of service is the important thing in determining jurisdiction and proof of service may be defective or even lacking, but if the fact of service is established jurisdiction cannot be questioned.

*Phillips*, 276 A.3d at 274 (citations omitted and formatting altered); *see also*

*Vogt v. Liberty Mut. Fire Ins. Co.*, 900 A.2d 912, 916 (Pa. Super. 2006)

(holding that defective service constitutes a fatal defect in the record).

A petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void *ab initio*. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a default judgment, a court may only look at what was in the record when the judgment was entered.

A judgment is void on its face if one or more of three jurisdictional elements is found absent: jurisdiction of the parties; subject matter jurisdiction; or the power or authority to render the particular judgment. The term "jurisdiction" relates to the competency of the individual court, administrative body, or other tribunal to determine controversies of the general class to which

- 11 -

a particular case belongs.  Moreover, it is never too late to attack a judgment or decree for want of jurisdiction, as any such judgment or decree rendered by a court which lacks jurisdiction of the subject matter or the person is null and void, and can be attacked by the parties at any time.  A petition to strike a judgment founded on a jurisdictional deficiency is therefore not subject to the same "timeliness" considerations as a petition to open the judgment.

*Green Acres*, 113 A.3d at 1267-68 (citations omitted and formatting altered); *see also Phillips*, 276 A.3d at 274; *accord Cintas Corp. v. Lee's Cleaning Serv., Inc.*, 700 A.2d 915, 919 (Pa. 1997) (stating that "where the party seeking to open a judgment asserts that service was improper, a court must address this issue first before considering any other factors.  If valid service has not been made, then the judgment should be opened because the court has no jurisdiction over the defendant and is without power to enter a judgment against him or her" (citations omitted)).

Philadelphia Municipal Court Rule of Civil Procedure 113 states:

Upon commencement of the action, the Municipal Court Administrator shall set the time and place for the trial and shall note the same upon the complaint.  Said trial shall be scheduled not more than ninety (90) days from the date the action is commenced, . . .

Phila. M.C.R. Civ.P. No. 113.

Philadelphia Municipal Court Rule of Civil Procedure 111 provides, in relevant part:

**A.**  Except as provided in below, complaints . . . shall be served in the same manner as original process filed in the Court of Common Pleas and may be served in Philadelphia by writ servers appointed by the President Judge of the Municipal Court . . . .

- 12 -

\*  \*  \*

**C.**  (1) A complaint may be served by certified mail if defendant's last known address is a post office box, or outside the County of Philadelphia, or if a writ server has returned the complaint without being able to serve the same.  The return receipt card for certified mail shall be marked to show to whom and when delivered and shall show the signature of the defendant or an agent of the defendant authorized to receive the certified mail of defendant.  If the signature on the return receipt is that of a person other than the defendant, it shall be presumed, unless the contrary is shown, that the signer was an agent of the defendant authorized to receive the certified mail of defendant.

\*  \*  \*

(3) A return of service by mail shall be by affidavit in accordance with Pa.R.C.P. 405.

Phila. M.C.R. Civ.P. No. 111(A), (C)(1), (C)(3).

Pennsylvania Rule of Civil Procedure 424 states:

Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:

(1) an executive officer, partner or trustee of the corporation or similar entity, or

(2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or

(3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa.R.C.P. 424.  However, Rule 424 does not require service by hand delivery on out-of-state corporations.  *See, e.g.*, *Trzcinski v. Prudential Prop. & Cas. Ins. Co.*, 597 A.2d 687, 689 (Pa. Super. 1991).

Pennsylvania Rule of Civil Procedure 405 requires, in relevant part:

(c) Proof of service by mail under Rule 403 shall include a return receipt signed by the defendant or, if the defendant has refused to accept mail service and the plaintiff thereafter has served the defendant by ordinary mail,

> (1) the returned letter with the notation that the defendant refused to accept delivery, and

> (2) an affidavit that the letter was mailed by ordinary mail and was not returned within fifteen days after mailing.

Pa.R.C.P. 405(c).

Philadelphia Municipal Court Rule of Civil Procedure 120, which governs trials and the entry of default judgments states, in relevant part: "If the claimant appears [for trial] and defendant does not, and damages are proven in accordance with Rule 121, judgment by default shall be entered for claimant, provided service was made at least seven (7) days prior to trial, otherwise, the claim shall be continued to a date certain." Phila. M.C.R. Civ.P. No. 120(b).

In *Delaware Valley Surgical Supply Co., Inc. v. Geriatric & Medical Ctrs., Inc.*, 299 A.2d 237 (Pa. 1973), our Supreme Court concluded that service of process on a parent corporation was not adequate to constitute service on its subsidiary corporations where there was no evidence in the record to indicate that the subsidiaries conducted business at the address where the plaintiff served the parent corporation. *Delaware Valley Surgical Supply*, 299 A.2d at 239. This is because "a corporate parent will retain its distinct identity and not be subject to the jurisdictions of its subsidiaries, even

when it shares common directors, officers and shareholders." ***Fulano v. Fanjul Corp.***, 236 A.3d 1, 20 (Pa. Super. 2020) (citation omitted).

However,

[t]here is a well recognized exception to these general rules if the record demonstrates that the subsidiary is the "alter ego" of the parent to the extent that domination and control by the parent corporation renders the subsidiary a mere instrumentality of the parent; under such extreme circumstances the parent corporation may be held to be doing business within the state under the facade of the subsidiary.

. . . Under the alter-ego theory of personal jurisdiction, if a subsidiary is "merely the agent" of its parent corporation or the parent corporation "controls" the subsidiary, then personal jurisdiction exists over the parent whenever personal jurisdiction (whether general or specific) exists over the subsidiary.

The theory applies only if the degree of control exercised by the parent is greater than normally associated with common ownership and directorship and the parent controls the day-to-day operations of the subsidiary such that the subsidiary can be said to be a mere department of the parent.

***Id.*** (citations omitted and formatting altered).

Factors that a court may consider in determining whether a subsidiary is the alter ego of its parent corporation include:

(1) ownership of all or most of the stock of the related corporation; (2) common officers and directors; (3) common marketing image; (4) common use of a trademark or logo; (5) common use of employees; (6) integrated sales system; (7) interchange of managerial and supervisory personnel; (8) performance by the related corporation of business functions which the principal corporation would normally conduct through its own agent or departments; (9) acting of the related corporation as marketing arm of the principal corporation, or as an exclusive distributor; and (10) receipt by the officers of the related corporation of instruction from the principal corporation.

*Id.* (citation omitted). This list is non-exhaustive, and a court may consider any evidence bearing on the interrelationship of the two corporations. *Id.* at 20-21. The *Fulano* Court affirmed the trial court's determination that the subsidiary corporation which operated in Pennsylvania was not the alter ego its parent corporation based in India. *Id.* at 21-22; *see also Delaware Valley Surgical Supply*, 299 A.2d at 239 (noting that service of process on the parent corporation was not adequate to serve the subsidiary corporations where it had not been established that "the subsidiary corporations were merely the alter ego of the parent corporation and that the separate corporation entities were only paper work").

Here, the Court of Common Pleas explained:

At the hearing before [the Municipal Court], Mr. Lippman did not challenge the affidavit of service showing that the complaint was received at the address in Los Angeles by Jessica Rice. Mr. Lippman conceded that JRK Propert[y] is the parent company of Venice Lofts. [N.T. Hr'g, 2/28/22, at 19]. Mr. Lippman conceded that the apartment complex has undergone a series of name changes: originally it was named the Venice Loft Apartments, then it was named the Venice Lofts doing business as Apex Manayunk. [*Id.*] [Appellee], through counsel, perhaps not in the most artful form, included all of those entities and iterations in the caption. Mr. Lippman, through counsel, conceded that he had received notice of the lawsuit. [*Id.*]

Based on Mr. Lippman's concessions and the statements of [Appellee's] counsel, [the Municipal Court] denied the petition. While [the Municipal Court] did not specifically state a reason on the record, it can be reasonably understood from the transcript that [the Municipal Court] concluded that [Appellee's] service of the complaint (and other Municipal Court case-initiating documents) was proper because Mr. Lippman's counsel admitted that Mr. Lippman (or his agent) had received the documents.

In their appeal to this Court, the [Appellant] did not set forth how [the Municipal Court] committed an error of law or abused [its] discretion. [Appellant] reiterated the same arguments regarding service and made brand new arguments that were never presented to the Municipal Court. In so doing, [Appellant] also relied upon the wrong rules. [Appellant] contended that service outside the Commonwealth was improper and/or service had to completed within 30 days. This is simply incorrect.

If a defendant is located within Philadelphia County, service of original process is required within 30 days. Pa.R.Civ.P. 401(a). If a defendant is located outside the Commonwealth, however, a plaintiff must serve within 90 days by mail in the manner provided by Rule 403. Pa.R.Civ.P. 404(2). Rule 403 requires that service shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Pa.R.Civ.P. 403. Service is complete upon delivery of the mail.

If, as [Appellant] argue[s], the address used by [Appellee] was incorrect, or the defendant named in the original complaint was improper, those issues could have been promptly resolved through preliminary objections[5] or an appearance at the Municipal Court trial to dispute service. Instead, Mr. Lippman chose to do nothing when he or his agent received the complaint in the mail. The entry of the default judgment was the result of this negligence. In sum, [the Municipal Court] did not abuse [its] discretion or commit an error of law.

Rule 1925(a) Op. at 6-8 (footnote omitted and some formatting altered).

Based on our review of the record, we are constrained to conclude that the Court of Common Pleas erred in its conclusion that service was proper. *See Green Acres*, 113 A.3d at 1267. During the hearing before the Philadelphia Municipal Court, Appellant represented that Appellee's lease

_____

[5] We note that the Philadelphia Municipal Court Rules of Civil Procedure do not provide for the filing of preliminary objections. *See* Phila. M.C.R. Civ.P. No. 106(b) (limiting pleadings that can be filed in the Philadelphia Municipal Court to complaints, counterclaims, additional claims, and cross claims).

specifies that the owner of the apartment building is Venice Lofts, a limited liability company based in Philadelphia. *See* N.T. Hr'g, 2/28/22, at 13, 17. Appellant conceded that JRK Property was the parent company of Venice Lofts d/b/a Apex Manayunk. *See id.* at 18-19. Appellee argued that service on Venice Lofts was proper because she had served JRK Property with the complaint. *See id.* at 20. Upon reviewing the record of the Municipal Court proceedings, the Court of Common Pleas concluded that service was proper because JRK Property is the parent company of Venice Lofts. *See* Rule 1925(a) Op. at 6-7.

Given the record before us, we cannot conclude that Appellee properly served Lippman and Venice Lofts with her complaint. Assuming that Appellee properly served the complaint on JRK Property, that service would only establish personal jurisdiction over Venice Lofts and Lippman if each of them is an alter ego of JRK Property. *See Delaware Valley Surgical Supply*, 299 A.2d at 239. However, there is no evidence in the record to support a conclusion that either Venice Lofts or Lippman is an alter ego of JRK Property. *See Fulano*, 236 A.3d at 20. To the contrary, Appellant represented that Venice Lofts owned apartment complex where Appellee resided and denied that JRK Property has any ownership interest in that property. *See* N.T. Hr'g, 2/28/22, at 17, 19. Further, Appellee did not present any evidence that Lippman is an owner, officer, employee, or agent of either Venice Lofts or JRK Property. Lastly, Appellee did not present any evidence regarding the connections, if any, between the personnel and/or operations of JRK Property

and those of Venice Lofts. **See Fulano**, 236 A.3d at 20-21. For these reasons, we conclude that the Court of Common Pleas erred in concluding that Appellee properly served Lippman and Venice Lofts with her complaint. **See Delaware Valley Surgical Supply**, 299 A.2d at 239; **see also Fulano**, 236 A.3d at 20-22.

Because Appellee failed to properly serve Lippman and Venice Lofts with the complaint, the Municipal Court lacked jurisdiction over them. **See Phillips**, 276 A.3d at 274. Therefore, the default judgment is void *ab initio* and must be stricken.[6] **See id.**; **Green Acres**, 113 A.3d at 1267-68.

For these reasons, we reverse the order of the Court of Common Pleas order denying Appellant's petition to open and/or strike a default judgment entered by the Philadelphia Municipal Court and remand for further proceedings before the Common Pleas Court.

Order reversed. Case remanded to the Court of Common Pleas with instructions to remand the case to the Municipal Court with instructions to grant the petition to open the default judgment, and for further proceedings. Jurisdiction relinquished.

---

[6] Based on our disposition, we decline to address Appellant's other claim regarding whether the service of the complaint on JRK Property by mail was proper.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/2023